2011 VT 81

# U.S. Bank National Association v. Christine Kimball

[27 A.3d 1087]

No. 10-169

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed July 22, 2011

*Andre D. Bouffard* of *Downs Rachlin Martin PLLC*, Burlington, for Plaintiff-Appellant.

*Grace B. Pazdan, Vermont Legal Aid, Inc.*, Montpelier, for Defendant-Appellee.

¶ 1. **Burgess, J.** Plaintiff U.S. Bank National Association, as trustee for RASC 2005 AHL1, appeals from a trial court order granting summary judgment for defendant homeowner and dismissing with prejudice U.S. Bank's foreclosure complaint for lack of standing. On appeal, U.S. Bank argues that it had standing to

prosecute the foreclosure claim and the court's dismissal with prejudice was in error. Homeowner cross-appeals, arguing that the court erred in not addressing her claim for attorney's fees. We affirm the dismissal and remand for consideration of homeowner's motion for attorney's fees.

¶ 2. On appeal from a grant of summary judgment, "the nonmoving party receives the benefit of all reasonable doubts and inferences." *Samplid Enters., Inc. v. First Vt. Bank*, 165 Vt. 22, 25, 676 A.2d 774, 776 (1996). We review the decision de novo under the same standard as the trial court. *Id.* Summary judgment is appropriate if there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Id.*; see V.R.C.P. 56(c)(3).

¶ 3. So viewed, the record reveals the following facts. Homeowner purchased property on June 16, 2005. To finance the purchase, she executed an adjustable rate promissory note in favor of Accredited Home Lenders, Inc. (Accredited) in the amount of $185,520. The note was secured by a mortgage deed to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Accredited.

¶ 4. On January 12, 2009, U.S. Bank filed a foreclosure complaint for homeowner's failure to make required payments. The complaint alleged that the mortgage and note were assigned to U.S. Bank by MERS, as nominee for Accredited, by an instrument dated January 6, 2009. Attached to the complaint was a copy of the instrument entitled "Assignment of Mortgage," signed by Jeffrey Stephan, identified therein as Duly Authorized Agent and Vice President of MERS. The promissory note was also attached to the complaint, and appended to it was an undated allonge[1] signed by a corporate officer of Accredited, endorsing the note in blank.

¶ 5. Homeowner initially filed a pro se answer. After procuring counsel, homeowner filed an amended answer, claiming, among

---

[1] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary 83 (8th ed. 2004). The Uniform Commercial Code (UCC) accepts the use of such endorsements, explaining that "a paper affixed to the instrument is a part of the instrument." 9A V.S.A. § 3-204(a). Although at one time an allonge could be used only when there was no room on the original document, the official comment to the UCC explains that now an allonge "is valid even though there is sufficient space on the instrument for an indorsement." *Id.* § 3-204 cmt.

other things, that U.S. Bank failed to present sufficient evidence that it held homeowner's note and corresponding mortgage. Homeowner also filed a counterclaim alleging consumer fraud. In March 2009, homeowner filed a motion for summary judgment arguing that U.S. Bank lacked standing to bring the foreclosure complaint because it failed to establish that it held an interest in the debt secured by homeowner's property. Homeowner argued that U.S. Bank had not established proper assignment of the mortgage because MERS as nominee for Accredited lacked authority to assign the mortgage. Homeowner further argued that U.S. Bank failed to demonstrate that it held or had a right to enforce the promissory note. In July 2009, in support of the motion for summary judgment, homeowner submitted an affidavit, averring that in mid-June 2009 she received a letter from her mortgage servicer, Homecomings Financial, notifying her that the servicing rights to her loan were being assigned not to U.S. Bank, but to GMAC Mortgage, LLC effective July 1, 2009. She also averred that she received a concurrent letter from GMAC, confirming that it was servicing the loan on behalf of Residential Funding Corporation (RFC). The letters referred to in the affidavit were attached.

¶ 6. U.S. Bank opposed the request and responded with its own cross-motion for summary judgment on the merits, claiming that whatever deficiencies were present in its original complaint were now resolved because it had produced and sent to homeowner "a copy of the fully endorsed note specifically payable to [U.S. Bank]." In its statement of undisputed facts, U.S. Bank asserted that it had the original note, and that it was endorsed from Accredited to RFC and then to U.S. Bank. No dates, however, were provided for these endorsements. In support, U.S. Bank attached an affidavit attesting to these facts, but still devoid of any dates for the purported assignments. The affidavit was signed by Jeffrey Stephan, the same man who had signed the assignment attached to original complaint, but this time identifying himself as a "Limited Signing Officer" for GMAC, the mortgage servicer for homeowner's loan. In the affidavit, Stephan claims that he has "familiarity with the loan documentation underlying the mortgage loan entered at issue in the present foreclosure case." The copy of the note attached had an allonge, appearing to be the same allonge previously submitted as endorsed in blank, but this time with "RFC" stamped in the blank spot and containing a second

endorsement from RFC to U.S. Bank. Neither endorsement was dated.

¶ 7. The court held a hearing on the summary judgment motions. Following the hearing, the court issued a written order on October 27, 2009. The court concluded that to enforce a mortgage note, "a plaintiff must show that it was the holder of the note at the time the Complaint was filed," and here there was "simply no evidence of an assignment to a party in interest." Because neither note submitted by U.S. Bank was dated, the court concluded that there was no evidence that the note was endorsed to U.S. Bank before the complaint was filed. Therefore, the court held that U.S. Bank lacked standing to bring the foreclosure action. The court granted homeowner's motion for summary judgment, dismissed the foreclosure action, and set the matter for hearing on homeowner's counterclaim.

¶ 8. On November 23, 2009, U.S. Bank moved for reconsideration.[2] U.S. Bank acknowledged that it had created "confusion" by attaching to the complaint "an outdated copy of the note prior to its transfer to [U.S. Bank], and a mortgage assignment that purports to assign the note along with the mortgage." It claimed, however, that because it now held the original note, it was entitled to enforce it. Homeowner did not dispute that U.S. Bank possessed what appeared to be the original note, but she insisted U.S. Bank was required to authenticate the endorsements through credible affidavits and to demonstrate that it had possession when the complaint was filed. As to this timing issue, U.S. Bank contended that homeowner's mortgage had been endorsed to it in September 2005. In support, U.S. Bank submitted an affidavit signed by Scott Zeitz, who is identified as a litigation analyst with GMAC. In the affidavit, Zeitz avers that homeowner's mortgage note was endorsed to RFC and then to U.S. Bank in September 2005. The affidavit does not explain the obvious inconsistencies with the prior affidavits offered by U.S. Bank or with the letter homeowner received from GMAC identifying RFC as the holder of her note in June 2009. It also does not explain how Zeitz obtained this knowledge given that GMAC did not begin servicing the loan

---

[2] Because final judgment had not yet been entered, the motion was filed pursuant to Rule of Civil Procedure 56. See *Kelly v. Town of Barnard*, 155 Vt. 296, 307, 583 A.2d 614, 620 (1990) (holding that trial court retains jurisdiction to modify or rescind order prior to entry of final decree and may grant summary judgment motion after denying prior similar motion).

until July 1, 2009. In the alternative, U.S. Bank argued that, even if did not hold an interest in the note at the time the complaint was filed, it could cure the deficiency by now substituting itself as the real party in interest under Rule of Civil Procedure 17(a). U.S. Bank also filed a motion to amend its complaint to properly reflect the manner in which it now alleged that it acquired an interest in homeowner's note and mortgage.

¶ 9. Homeowner opposed the motions, contending that the numerous inconsistencies in the information offered by U.S. Bank made it unreliable. In addition, homeowner argued that the Zeitz affidavit was not based on personal knowledge and therefore insufficient to support the motion. Homeowner moved for reasonable attorney's fees under Rule 56(g), claiming that U.S. Bank acted in bad faith by filing affidavits lacking a basis in personal knowledge and contradicting undisputed evidence.[3] Homeowner explained that as a result her attorney "spent numerous hours responding to and refuting the validity of the affidavits."

¶ 10. Following a hearing, the court denied the motions for reconsideration and to amend the complaint. The court concluded that U.S. Bank had submitted a defective complaint and the deficiencies therein were not mere technicalities, but essential items, without which the case could not proceed. The court held that U.S. Bank lacked standing when the complaint was filed, and dismissed the complaint "with prejudice." U.S. Bank appeals.

¶ 11. On appeal, U.S. Bank argues that the court erred in (1) dismissing the complaint with prejudice; (2) concluding there was no standing when there was evidence demonstrating that U.S. Bank was the holder of the note before the complaint was filed; and (3) denying U.S. Bank's request to substitute itself as the real party in interest. Homeowner cross-appeals, arguing that the court failed to address her request for attorney's fees and requesting a remand.

---

[3] In pertinent part, Rule of Civil Procedure 56(g) states:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith . . . , the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

■ ¶ 12. We begin with the issue of standing. "[O]ur review of dismissal for lack of standing is the same as that for lack of subject matter jurisdiction. We review the lower court's decision de novo, accepting all factual allegations in the complaint as true." *Brod v. Agency of Natural Res.*, 2007 VT 87, ¶ 2, 182 Vt. 234, 936 A.2d 1286. We have the same standing requirement as the federal courts in that our jurisdiction is limited to "actual cases or controversies." *Parker v. Town of Milton*, 169 Vt. 74, 76-77, 726 A.2d 477, 480 (1998). Therefore, to bring a case "[a] plaintiff must, at a minimum, show (1) injury in fact, (2) causation, and (3) redressability." *Id.* at 77, 726 A.2d at 480 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). This means a plaintiff "must have suffered a particular injury that is attributable to the defendant," *id.* at 77, 726 A.2d at 480, and a party who is not injured has no standing to bring a suit. *Bischoff v. Bletz*, 2008 VT 16, ¶¶ 15-16, 183 Vt. 235, 949 A.2d 420. And, as the U.S. Supreme Court has explained, "standing is to be determined as of the commencement of suit." *Lujan*, 504 U.S. at 570 n.5.

■ ¶ 13. To foreclose a mortgage, a plaintiff must demonstrate that it has a right to enforce the note, and without such ownership, the plaintiff lacks standing. *Wells Fargo Bank, N.A. v. Ford*, 15 A.3d 327, 329 (N.J. Super. Ct. App. Div. 2011). While a plaintiff in a foreclosure should also have assignment of the mortgage, it is the note that is important because "[w]here a promissory note is secured by a mortgage, the mortgage is an incident to the note." *Huntington v. McCarty*, 174 Vt. 69, 70, 807 A.2d 950, 952 (2002). Because the note is a negotiable instrument, it is subject to the requirements of the UCC. Thus, U.S. Bank had the burden of demonstrating that it was a " '[p]erson entitled to enforce' " the note, by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument." 9A V.S.A. § 3-301. On appeal, U.S. Bank asserts that it is entitled to enforce the note under the first category — as a holder of the instrument.

■■ ¶ 14. A person becomes the holder of an instrument when it is issued or later negotiated to that person. 9A V.S.A. § 3-201(a). Negotiation always requires a transfer of possession of the instrument. *Id.* § 3-201 cmt. When the instrument is made payable to bearer, it can be negotiated by transfer alone. *Id.* §§ 3-201(b),

3-205(a). If it is payable to order — that is, to an identified person — then negotiation is completed by transfer and endorsement of the instrument. *Id.* § 3-201(b). An instrument payable to order can become a bearer instrument if endorsed in blank. *Id.* § 3-205(b). Therefore, in this case, because the note was not issued to U.S. Bank, to be a holder, U.S. Bank was required to show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to U.S. Bank. See *Bank of N.Y. v. Raftogianis*, 13 A.3d 435, 439-40 (N.J. Super. Ct. Ch. Div. 2010) (reciting requirements for bank to demonstrate that it was holder of note at time complaint was filed).

¶ 15. U.S. Bank lacked standing because it has failed to demonstrate either requirement. Initially, U.S. Bank's suit was based solely on an assignment of the mortgage by MERS. The complaint did not allege that U.S. Bank held the original note. U.S. Bank simply attached a copy of the note with an allonge endorsement in blank. Homeowner challenged this evidence as insufficient to show that U.S. Bank held an interest in her note. Because homeowner supported her position with an affidavit and documentary evidence, U.S. Bank was required to "come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." *Alpstetten Ass'n v. Kelly*, 137 Vt. 508, 514, 408 A.2d 644, 647 (1979). At this point, U.S. Bank abandoned its claim of assignment of the mortgage and instead asserted that it held the original note. It submitted the note with an allonge containing two undated specific endorsements, one to U.S. Bank. The supporting affidavit claimed that the note had been endorsed to U.S. Bank, but provided no information about when and failed to explain why a note with a blank endorsement was the basis for the complaint.

¶ 16. Based on this contradictory and uncertain documentation, the trial court did not err in concluding that there was no evidence to show that U.S. Bank was a holder of the note at the time it filed the complaint. U.S. Bank failed to allege or demonstrate that it held the original note endorsed in blank when it commenced the foreclosure action. In fact, U.S. Bank asserted that the note with the blank endorsement was an earlier copy that was mistakenly attached to the complaint. It also alleged that the blank endorsement was stamped with RFC's name in 2005.

Therefore, it could not possibly have held the original note with a blank endorsement when the complaint was filed. Further, there is no evidence to show that U.S. Bank held the original note endorsed to its name before the complaint was filed. While U.S. Bank eventually produced the original note with an endorsement to it, none of the evidence submitted at summary judgment by U.S. Bank established the timing of the endorsement. Given U.S. Bank's failure to show it had standing, the foreclosure complaint was properly dismissed.

¶ 17. U.S. Bank argues that whatever shortcomings were present in its earlier filings were cured by the documents attached to its motion to reconsider, and, therefore, the court erred in denying this motion. We disagree. The additional affidavit submitted with the motion to reconsider did nothing to establish the timing of the endorsement to U.S. Bank because it was not based on personal knowledge and contained conclusions rather than facts. Affidavits must be "made on personal knowledge [and] set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." V.R.C.P. 56(e). The affiant, Zeitz, declared himself to be an employee of GMAC, the servicer of homeowner's loan. Zeitz averred that the note was endorsed to U.S. Bank in September 2005 but provided no explanation of how he gained personal knowledge about this endorsement that supposedly took place several years before his company began servicing homeowner's loan. Further, the affidavit failed to explain the obvious contradictions with other evidence. Specifically, Zeitz did not account for the letter from his company, submitted by homeowner, that identifies RFC, the predecessor-in-interest to U.S. Bank, as the holder of the loan in July 2009, months after the complaint was filed. Having already failed to succeed on its summary judgment motion, reconsideration of the same issues on new evidence was up to the court's sound discretion. See *Crosby v. Great Atl. & Pac. Tea Co.*, 143 Vt. 537, 539, 468 A.2d 567, 568 (1983) (per curiam) (affirming court's denial of plaintiffs' motion to reconsider summary judgment ruling using an abuse-of-discretion standard). Fraught with contradictions and evidently lacking information based on personal knowledge, the affidavit was insufficient to establish that U.S. Bank had an interest in the note prior to the time the complaint was filed. Thus, it was no abuse of discretion for the court to deny the motion to reconsider.

¶ 18. In the alternative, U.S. Bank argues that even if it did not hold the note at the time the complaint was filed, this should be overlooked because it has now produced the original note with a chain of endorsements ending in U.S. Bank.[4] Thus, U.S. Bank contends it can now be substituted as the real party in interest under Rule 17(a). U.S. Bank argues that this Court allows liberal substitution of parties, citing *Korda v. Chicago Insurance Co.*, 2006 VT 81, 180 Vt. 173, 908 A.2d 1018. In that case, the trial court dismissed an estate's claims against a tortfeasor's employer's insurance company where the employer did not assign its rights to the estate until three years after the complaint was filed. This Court reversed, holding that "where, as here, a plaintiff acquires capacity to sue after the suit is filed, and before the action is dismissed for lack of capacity, the acquisition of capacity relates back to the filing of the action for all purposes, including compliance with the statute of limitations." *Id.* ¶ 16. U.S. Bank contends it is similarly situated and is entitled to substitution as the real party in interest now that it has obtained an interest in the note.

■ ¶ 19. The merit of this argument might have been better received by the trial court had it been supported by the necessary documentation and proffered before summary judgment was granted for defendant. U.S. Bank had notice of the standing deficiency from the start of the litigation and had an opportunity to prove its case. It was unable to do so. Having failed to support its position, the court was not required to give U.S. Bank another opportunity to prove its case following the grant of summary judgment, and did not abuse its discretion in denying the request at that late stage in the proceeding. See V.R.C.P. 17(a) (directing that action not be dismissed for absence of real party in interest "until a reasonable time has been allowed").

■ ¶ 20. U.S. Bank argues that for reasons of policy it should be permitted to proceed because it would be wasteful to prevent it from being able to "cure" its standing problem. While we are

---

[4] This argument in and of itself underscores the extent of confusion created by U.S. Bank's evidence. While, on the one hand, U.S. Bank wishes us to accept that it has uncontroverted evidence that it has held homeowner's note since September 2005, on the other hand, it argues that it has acquired an interest in the note recently and can now be substituted as the real party in interest. It appears that even U.S. Bank is unsure of when the note was endorsed to it.

sympathetic to the desire to avoid wasteful and duplicative litigation, the source of the unnecessary proceedings in this case was not an overly wooden application of the rules, but U.S. Bank's failure to abide by them. It is neither irrational nor wasteful to expect a foreclosing party to actually be in possession of its claimed interest in the note, and have the proper supporting documentation in hand when filing suit.[5] Nor is it irrationally demanding to expect the foreclosing party to provide adequate, satisfying proof in response to a motion for summary judgment challenging standing to bring suit. What should have here been a fairly straightforward, if not a summary, proceeding under the rules was rendered inefficient by U.S. Bank's failure to marshal its case before compelling homeowner and the court to waste time and resources, twice, by responding to what could not be proven. There was nothing inequitable in dismissing this matter.

¶ 21. We turn next to the question of whether the court erred in dismissing the complaint "with prejudice." U.S. Bank argues this was in error and homeowner contends that the court's determination bars U.S. Bank from filing again to foreclose. At a minimum, the court certainly intended to put an end to U.S. Bank's instant foreclosure action and dismissal was appropriate because, as another court explained, when a plaintiff is not able to establish that it possessed the note on the date the complaint was filed, the complaint should be subject to dismissal "if only to provide a clear incentive to plaintiffs to see that the issue of standing is properly addressed before any complaint is filed." *Raftogianis*, 13 A.3d at 455.

¶ 22. Nevertheless, and despite the court's invocation of "with prejudice" in its dismissal order, U.S. Bank cannot be precluded from pursuing foreclosure on the merits should it be prepared to prove the necessary elements. Although postured as cross-motions for summary judgment, the motion practice addressed only whether the bank had standing for jurisdictional purposes. The merits of foreclosure were not, and on this record could not have been, litigated. The court's dismissal on just

---

[5] We note that the foreclosure rule as amended now specifically requires a plaintiff to attach to the complaint "the original note and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed." V.R.C.P. 80.1(b)(1) (Cum. Supp. 2010); see 2009, No. 132 (Adj. Sess.), § 1.

jurisdictional grounds was no adjudication on the merits. See V.R.C.P. 41(b)(3) (providing that any involuntary dismissal, *"other than a dismissal for lack of jurisdiction*, . . . operates as an adjudication upon the merits" (emphasis added)); see also *Wells Fargo Bank, N.A. v. Byrd*, 2008-Ohio-4603, ¶¶ 18-20, 897 N.E.2d 722 (Ct. App.) (reversing trial court's dismissal with prejudice of foreclosure complaint as inappropriate where dismissal was for lack of standing).

¶ 23. Thus, this may be but an ephemeral victory for homeowner. Absent adjudication on the underlying indebtedness, the dismissal cannot cancel her obligation arising from an authenticated note, or insulate her from foreclosure proceedings based on proven delinquency. Cf. *Indymac Bank, F.S.B. v. Yano-Horoski*, 912 N.Y.S.2d 239, 240 (App. Div. 2010) (reversing trial court's order canceling mortgage and debt). Homeowner's arguments supporting a dismissal with prejudice are not convincing.[6] Homeowner relies on *Nolen v. State*, but that unpublished three-justice decision simply affirmed the trial court's decision to dismiss with prejudice plaintiff's constitutional claim for lack of standing without a challenge to or any analysis of the "with prejudice" designation. No. 08-131, 2009 WL 2411832, at *2 (Vt. May 29, 2009) (unpub. mem.), available at http://www.vermontjudiciary.org/d-upeo/upeo.aspx. Further, the court's order does not support defendant's assertion that the court was warranted in dismissing with prejudice on equitable grounds given what homeowner characterizes as inconsistent and "likely fraudulent filings" submitted by U.S. Bank. See *New Eng. Educ. Training Serv, Inc. v. Silver St. P'ship*, 156 Vt. 604, 613, 595 A.2d 1341, 1345-46 (1991) (affirming dismissal of foreclosure action where recovery on the underlying note would be unconscionable). While the trial court may have had discretion to exert its equitable powers in this manner, no findings were made to support such a conclusion, and we will not speculate on a matter of such importance.

¶ 24. Finally, we address homeowner's cross-appeal. In response to U.S. Bank's motion to reconsider, homeowner filed a

---

[6] We note that two cases cited by homeowner to support dismissal of a foreclosure complaint with prejudice have since been reversed. *U.S. Bank N.A. v. Emmanuel*, No. 19271/09, 2010 WL 1856016 (N.Y. Sup. Ct. May 11, 2010), *reversed by* 921 N.Y.S.2d 320 (App. Div. 2011); *IndyMac Bank F.S.B. v. Yano-Horoski*, 890 N.Y.S.2d 313 (Sup. Ct. 2009), *reversed by* 912 N.Y.S.2d 239 (App. Div. 2010).

motion for attorney's fees asserting that U.S. Bank had filed affidavits in bad faith. We agree that the request for attorney's fees under Rule 56(g) was timely and properly raised in the trial court, and that the court erred in failing to consider the motion. Therefore, we remand for consideration of homeowner's request.

*The foreclosure complaint is dismissed and the case is remanded for consideration of defendant's motion for attorney's fees.*