OneWest Bank, F.S.B. v. Reynolds, No. 51-2-11 Wrcv (Hayes, J., Aug. 5, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Windsor Unit                                               Docket No.  51-2-11 Wrcv

| | |
|---|---|
| OneWest Bank, F.S.B.<br>  Plaintiff<br><br>  v.<br>Catherine Reynolds et al<br>  Defendants | |

## DECISION ON DEFENDANT'S MOTION TO DISMISS

Defendant Catherine Reynolds seeks dismissal of the foreclosure complaint.  She asserts that the complaint is defective because it does not establish whether plaintiff held the promissory note at the time it filed the complaint.  She also asserts that the agent who endorsed the note on behalf of the original lender was not authorized to do so, and that MERS was not authorized as a "nominee" to assign the mortgage deed to plaintiff.

As counsel for both parties are probably aware, last week, the Vermont Supreme Court issued a decision in *U.S. Bank National Association v. Kimball*, 2011 VT 81 (July 22, 2011), available at http://info.libraries.vermont.gov/supct/current/op2010-169.html.  *Kimball* is helpful for several reasons, but particularly so here because it clarifies that a foreclosure plaintiff must "show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to" the plaintiff.  *Id.*, ¶ 14.

In this case, plaintiff alleged in the complaint that it held the original note with a blank endorsement at the time the complaint was filed.  Plaintiff also attached a copy of the original

note showing the blank endorsement and an affidavit from an assistant secretary asserting that plaintiff is the holder of the note. Although the affiant does not say when plaintiff became the holder of the note, the court must presume for purposes of the motion to dismiss that the date was sometime before the affidavit was prepared, and thus sometime before the complaint was filed. See *Ass'n of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446 (1985) (court must assume truth of all allegations in complaint and draw reasonable inferences in favor of the non-moving party when evaluating a motion to dismiss). It may be that plaintiff is required to produce evidence of when it became the holder of the note in response to a properly-supported motion for summary judgment, e.g., *Kimball*, 2011 VT 81, ¶ 20, but for purposes of the motion to dismiss, plaintiff has sufficiently alleged that it held the note as bearer paper at the time the complaint was filed.

Defendant next challenges the authority of the agent who endorsed the note on behalf of the originating lender. Again, it can be reasonably inferred from the complaint that the agent was authorized to act on behalf of the originating lender, and so the complaint is sufficient for purposes of the motion to dismiss. The court also notes that unauthorized signatures may be ratified by the principal under the UCC. See *In re Parker*, 445 B.R. 301, 305 (Bankr. D. Vt. 2011) (explaining that "[o]nce a signature is ratified, it becomes effective as if authorized at the time made"). For these reasons, the agent's authority is sufficiently established for purposes of the motion to dismiss.

Finally, defendant challenges the authority of MERS as "nominee" to assign the mortgage deed to plaintiff. Although this court is aware of the New York cases holding that MERS has no authority to assign the note, e.g., *In re Agard*, 444 B.R. 231, 250–51 (Bankr.

E.D.N.Y. 2011), the court must assume, under the standard discussed above, for purposes of the motion to dismiss that MERS had the requisite authority. Moreover, on the merits, recent Vermont cases have expressly held that foreclosure suits may go forward even though the mortgage deed was assigned to the plaintiff by MERS. See, e.g., *GMAC Mortgage LLC v. Saunders*, No. 22-1-10 Bncv (Wesley, J., Jan. 26, 2011), available at http://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2011-2-1-1.pdf; see also *Kimball*, 2011 VT 81, ¶ 13 (focusing on the ability of the plaintiff to enforce the note rather than on the details of the assignment of the mortgage). As with the above issues, the parties are free to explore the issue in more detail either on summary judgment or on the merits.

In deciding this motion, the court considered allowing the parties extra time to brief the impact of *Kimball*. In the end, the court believes that such briefing would be better presented in the context of either summary-judgment motions or in support of a decision on the merits of the case.

**ORDER**

Defendant's Motion to Dismiss (MPR #3), filed May 19, 2011, is ***denied***.

Dated at Woodstock, Vermont this 2d day of August, 2011.

_____
Katherine A. Hayes
Superior Court Judge

3