Elnicki v. People's United Bank, No. 33-1-13 Bncv (Wesley, J., Nov. 19, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Bennington Unit** | **Docket No. 33-1-13 Bncv** |

| | |
|---|---|
| **Kevin Elnicki,** <br> **Plaintiff.** <br><br> **v.** <br><br> **People's United Bank, Successor in Interest** <br> **by Merger to Chittenden Trust Company** <br> **d/b/a Chittenden Bank,** <br> **Defendant.** | |

### Decision and Order
### Granting Defendant's Motion for Summary Judgment

### Factual Background

Plaintiff sues Defendant for conversion, money had and received, and breach of the duty of good faith. The events leading to this case occurred after Defendant relied on its security interest to repossess equipment. The equipment originally belonged to Burgess Brothers, Inc. Plaintiff was the sole shareholder in two companies, Burgess Brothers Land Company, LLC of Tennessee[1] and New England Quality Systems. Burgess Brothers Land Company, LLC sought to purchase the equipment and stock of Burgess Brothers, Inc. Some of the equipment was subject to Defendant's recorded security interest. The acquisition became complicated by potential environmental liabilities associated with real property which was also part of the transaction.

Defendant's statement of undisputed facts indicates Burgess Brothers Land Company, LLC of Tennessee purchased the stock of Burgess Brothers, Inc. on May 27, 2011. On May 8, 2012, Plaintiff purportedly caused some of the equipment subject to Defendant's lien to be conveyed to New England Quality Systems. Most of the equipment is used heavy machinery. Defendant eventually obtained a replevin order from this Court on October 22, 2012.

Plaintiff tried to negotiate with Defendant for a release of Defendant's security interest in the equipment. On May 9, 2012, Burgess Brothers Land Company, LLC of Tennessee placed $35,000, as the approximate value of the equipment, in an account with Defendant to facilitate negotiations. The negotiations failed. Defendant caused most of the equipment to be auctioned on January 23, 2013. On Plaintiff's request, and based on his continuing dispute as to the identity of each piece of equipment subject to the lien, Defendant returned some of the equipment to New England Quality Systems. Defendant had placed a hold on the $35,000, but released the hold after negotiations failed. Plaintiff withdrew the $35,000 on March 8, 2013.

---

[1] Plaintiff also owns Burgess Brothers Land Company, LLC of Vermont, which is not involved in this case.

Plaintiff's claims concern how Defendant handled the negotiations over the equipment and stock purchase. Plaintiff believes Defendant converted New England Quality Systems' property when it repossessed it and then returned it on Plaintiff's request. Plaintiff also believes Defendant wrongfully placed the $35,000 on hold. Finally, Plaintiff believes Defendant did not negotiate with him in good faith. The remaining claims, relating to possession of the equipment, are now moot. Burgess Brothers Land Company, LLC of Tennessee is now defunct but neither Plaintiff, nor any other party, has sought formal dissolution.

**Procedural History**

Plaintiff filed his complaint on January 16, 2013. Plaintiff also sought an emergency action of replevin and preliminary injunction to stop the auction of the equipment before Defendant could be notified of the proceedings. On January 18, 2013, the Court denied Plaintiff's request for a preliminary injunction. Plaintiff sought Judge Carroll's recusal, which Judge Davenport rejected on March 6, 2013.

On April 17, 2013, Defendant moved for summary judgment. Defendant argues Plaintiff is not the real party in interest and that Defendant did not wrongfully take any property. Defendant also asserted it was not in privity with Plaintiff and therefore had no duty of good faith. Defendant did not attach a statement of undisputed material facts to its motion as required by V.R.C.P. 56.  On April 29, 2013, Defendant filed a supplemental memorandum arguing that it did not need a statement of undisputed material facts. Plaintiff opposed the motion for summary judgment on June 11, 2013. Plaintiff observed Defendant did not have a statement of undisputed material facts and asserted there were disputed facts that could lead to liability.

On July 5, 2013, the Court issued an entry on the motion for summary judgment. The Court rejected Defendant's argument that it did not need a statement of undisputed material facts, but reserved ruling while offering Defendant an opportunity to file one, providing Plaintiff with a further opportunity to respond.  Questioning whether Plaintiff was the real party in interest, the Court requested additional briefing about the rights of the corporations involved.

On July 22, 2013, Defendant filed its statement of undisputed facts with attached exhibits. On August 5, 2013, Plaintiff responded with a statement of facts. Nonetheless, Plaintiff failed to specify which of Defendant's claimed facts he disputes. Additionally, in his fifty statements of fact, Plaintiff referenced exhibits in the summary judgment record only five times. On August 8, 2013, Defendant responded to Plaintiff's statement of facts and argued Plaintiff did not comply with V.R.C.P. 56(c), (e).

The Court heard oral argument on the motion for summary judgment on November 12, 2013. Thomas Bixby, Esq. represented Plaintiff. James Anderson, Esq. and Elizabeth Glynn, Esq. represented Defendant.

**Standard of Review**

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

**Discussion**

The Court grants summary judgment to Defendant. Plaintiff's arguments have a series of fatal problems. First, Plaintiffs failed to comply with the requirements of V.R.C.P. 56 and the Court's July 5, 2013 order in presenting his statement of disputed facts. Second, Plaintiff is not the real party in interest to bring these claims. Third, no evidence suggests Defendant behaved wrongfully. Finally, Plaintiff has not established damages from the actions taken by Defendant, even if he had standing to prosecute the claims.

1. *Requirements of V.R.C.P. 56(c)*

Parties must submit facts "with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials…" V.R.C.P. 56(c)(1)(A). If a party fails to support a fact, then "the court may:… consider the fact undisputed for the purposes of the motion." V.R.C.P. 56(e)(2). To further the requirements of V.R.C.P. 56 and permit the Court to understand Plaintiff's position, the Court allowed Plaintiff to respond to Defendant's statement of material facts with a statement of disputed facts.

The Vermont Supreme Court explained the requirements of responding to statements of undisputed facts in *Gallipo v. Rutland*. *See* 2005 VT 83, ¶¶ 29–30, 178 Vt. 244. In *Gallipo*, the plaintiff relied on a previous statement of contested facts with new exhibits to respond to a motion for summary judgment on remand. *Id.* ¶ 9. The plaintiff's response did not refer to the defendant's statement of undisputed facts. *Id.* ¶ 29. The trial court rejected the plaintiff's approach as inconsistent with the V.R.C.P. 56. *Id.* ¶ 30. The purpose of the filing requirements in V.R.C.P. 56 is to allow the Court to understand which facts are in dispute without having to go through the entire record. *Id.* Failure to follow V.R.C.P. 56 permits the Court to take the statement of undisputed facts as true. *Id.* ¶ 32.

In this case, Plaintiff failed to follow V.R.C.P. 56. Instead of indicating which facts Plaintiff disputed, Plaintiff submitted a new set of facts. Plaintiff's set of facts does not specifically dispute any of Defendant's facts. Moreover, the vast majority of Plaintiff's set of facts do not refer to the record. To determine which facts are genuinely in dispute, the Court would have to first comb through the record to determine which facts stated by Plaintiff have support and then compare those facts to the facts provided by Defendant. As indicated in the Court's July 5, 2013 order, parties and their attorneys must establish the record. Therefore the Court will treat Defendant's statement of material facts as admitted for the purposes of this motion. *See* V.R.C.P. 56(e)(2); *Gallipo*, 2005 VT 83, ¶ 32.

At the November 12, 2013 hearing, Plaintiff argued he could not respond to Defendant's facts because they were disorganized, improperly numbered, and contained more than one fact per paragraph. The Court disagrees with Plaintiff's characterization. With only a few minor errors, such as skipping from paragraph 11 to paragraph 13, Defendant's statement of undisputed facts follows the requirements of V.R.C.P. 56(c). Defendant's statement of facts is easy to follow, contains numbered paragraphs, and contains citations to the record. Moreover, despite any claim of "disorganization," Plaintiff should have attempted to address Defendant's facts, in the course of which he could have offered supplementary facts. *See Gallipo*, 2005 VT 83, ¶¶ 29–32.

Defendant is entitled to summary judgment because such a result follows if each of the facts in its statement of undisputed facts is accepted as established. As the Court will describe below, however, even taking Plaintiff's claims in their best light, the Court would still grant summary judgment to Defendant. Plaintiff is not the real party in interest, Defendant did not act wrongfully, and Plaintiff did not suffer damages. The result is the same even if the Court overlooks Plaintiff's failure to follow V.R.C.P. 56(c).

2. *Real Party in Interest under V.R.C.P. 17*

"Every action shall be prosecuted in the name of the real party in interest." V.R.C.P. 17(a). The Court grants summary judgment to a defendant where the plaintiff is not the real party in interest. *See U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, ¶¶ 19–20, 190 Vt. 210. Except in rare circumstances, the real party in interest to harm suffered by a corporation is the corporation and not its shareholders. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008); *see also Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 30, 182 Vt. 349 (indicating V.R.C.P. 17 follows the federal rule).

In this case, the corporations in which Plaintiff holds controlling shares are the real parties in interest. Plaintiff alleges Defendant caused harm by converting equipment. Plaintiff acknowledges that Burgess Brothers Land Company, LLC of Tennessee or New England Quality Systems owned that property. Thus even if conversion occurred, the two companies would be the proper parties to bring an action. The same logic applies to the $35,000. It is undisputed that Defendant held that money in the name of Burgess Brothers Land Company, LLC of Tennessee. Any claims that Defendant improperly withheld the money must be brought by Burgess Brothers Land Company, LLC of Tennessee. Therefore, the Court must grant summary judgment to Defendant because Plaintiff is not the real party in interest. *See* V.R.C.P. 17(a); *Kimball*, 2011 VT 81, ¶¶ 19–20.

Without citation to caselaw or statute, Plaintiff has proceeded as if it should be obvious that he is entitled to pursue in his individual name causes belonging to the corporations. Yet, this is not the law. *See Rawoof*, 521 F.3d at 757. He also argues he is the real party in interest because Burgess Brothers Land Company, LLC of Tennessee is now defunct and he is the sole shareholder. Yet, the assets of a defunct corporation do not automatically pass to a shareholder. The corporation must go through a process of calculating its debts before paying out the remaining value to shareholders. *See* 11A V.S.A. § 14.08; *see also* 11A V.S.A. §§ 14.01–14.09

4

(discussing voluntary dissolution of a corporation). Tennessee also has similar requirements.[2] *See* Tenn. Code. Ann. § 48-24-107. In the absence of a distribution accomplished through proper dissolution proceedings, Plaintiff may not presume ownership of the causes of action belonging to the corporations, or seek to enforce the rights of his corporations in his individual capacity.

Plaintiff also argues the Court should now allow him to substitute the corporations as the real party in interest. Although a party may be substituted as the real party in interest, Plaintiff's arguments overlook the procedural posture of this case, which is characterized by the absence right down to the present of any procedurally proper motion to substitute the real party in interest. Defendant raised the issue of real party in interest in its motion for summary judgment on April 17, 2013. Defendant also represented it contacted Plaintiff to inform him he was not the real party in interest. On July 5, 2013, the Court indicated it is likely Plaintiff is not the real party in interest. Yet, Plaintiff has persistently argued he is the real party in interest. Moreover, as discussed elsewhere in this order, Plaintiff's argument fails both procedurally and on the merits. Even if he now made a formal motion for substitution, the Court would not allow Plaintiff to substitute his corporations as parties because the substitution would be futile.

   3.  *Liability for Conversion and Money Had and Received.*

Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Montgomery v. Devoid*, 2006 VT 127, ¶ 12, 181 Vt. 154 (quoting Restatement (Second) of Torts § 222A(1)). Taking Plaintiff's claims at their strongest, Defendant took New England Quality System's equipment and then returned them when Plaintiff requested. Additionally, Defendant held $35,000 of Burgess Brothers Land Company, LLC of Tennessee's money pending negotiations and released the money to Defendant when negotiations failed. Plaintiff does not dispute he caused Burgess Brothers Land Company, LLC of Tennessee to give Defendant the money as part of an agreement to negotiate.

Plaintiff fails to show facts that would allow a jury to conclude Defendant converted his companies' property. Even assuming the equipment belonged Plaintiff's company, Defendant had reason to have the property and returned it on request. Returning property on request is not the kind of dominion required for conversion. *See id.*

The same is true for the $35,000. A plaintiff may seek to recover for money had and received where a defendant receives the plaintiff's money and must return the money. *Winey v. William E. Dailey, Inc. See* 161 Vt. 129, 140 (1993). Plaintiff's companies gave Defendant the money and Defendant released the money when negotiations failed. There is no liability for money had and received, or for conversion based on Defendant having the $35,000.

Plaintiff also claims he believes Defendant may have taken other property belonging to his corporations. Although such broad statements may be enough to survive a motion to dismiss, they are not sufficient to survive a summary judgment motion. At this stage, Plaintiff must tell

---

[2] The Court does not decide which state's corporate laws would control. The parties have not argued this issue and the outcome would be the same in both Vermont and Tennessee.

Defendant and the Court what property he believes Defendant took and give support for that in the record. *See* V.R.C.P. 56(c). Claims without support in the record are insufficient to create a factual dispute. *See Cate v. Burlington*, 2013 VT 64, ¶ 11.

### 4. *Lender's Duty of Good Faith*

Plaintiff also claims Defendant violated its duty of good faith in connection with the sale of Burgess Brothers, Inc. to Burgess Brothers Land Company, LLC of Tennessee. As a matter of pleading, the acts claimed to constitute breach of good faith are vague. As far as the Court can extrapolate, Plaintiff complains that Defendant delayed in signing certain documents, did not provide certain notices, and did not negotiate in good faith after deposit of the $35,000. It is unclear what injury resulted from any of these acts. Nevertheless, the "main purpose [of the duty of good faith] is to ensure that parties to a contract act with faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 36, 179 Vt. 167. "A cause of action for breach of the covenant of good faith can arise only upon a showing that there is an underlying contractual relationship between the parties…" *Id.* ¶ 54, n.5. In this case, Plaintiff cannot sustain an action for a breach of the duty of good faith, because Plaintiff is not in privity with Defendant. *See id.* As discussed above, perhaps Burgess Brothers, Inc. or Burgess Brothers Land Company, LLC of Tennessee could have claimed a contractual relationship with Defendant. Since Plaintiff is without standing to enforce such contracts, his broad allegations of bad faith are fundamentally flawed.

### 5. *Damages*

Finally, the Court considers whether Plaintiff suffered any damages. To sustain a cause of action, Plaintiff must have suffered damages. *See Fitzeen v. Gravel*, 2003 VT 54, ¶ 12, 175 Vt. 537. At the hearing, Plaintiff described his injury as arising from Defendant taking his equipment and moving it until he asked for its return. Plaintiff has established no basis for consequential damages stemming from this interruption, even assuming it was wrongful and Plaintiff was the proper party with interest. Asked to identify any other proper aspect of monetary damages implicated by his claims, Plaintiff specified only a claim for interest on the $35,000 Defendant placed on hold. Yet, the record contains no indication that Plaintiff was precluded from placing the $35,000 in an interest-bearing account while the parties negotiated. Nothing in the record suggests any of Defendant's actions caused Plaintiff to suffer damages. There is not a cause of action without damages. *See id.*

### **Order**

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

Dated at Bennington, Vermont on November 19, 2013.

_____
John P. Wesley

6

Superior Court Judge