*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-482

AUGUST TERM, 2015

| | | |
|---|---|---|
| John Norton-Griffiths and Marilyn Norton-Griffiths | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| Wells Fargo & Company, Downs, Rachlin & | } | |
| Martin, PLLC, Andre Bouffard, Esq. and | } | DOCKET NO. 307-5-11 Rdcv |
| Merritt Schnipper, Esq. | } | |

Trial Judges: Harold E. Eaton, Jr.
(partial summary judgment)
William D. Cohen
(final judgment)

In the above-entitled cause, the Clerk will enter:

Plaintiff homeowners appeal from the court's order dismissing their claims that defendant bank lacked the authority to enforce their residential mortgage and note. On appeal, homeowners argue that the court erred in admitting documents and testimony offered by Wells Fargo. We affirm.

Homeowners' complaint alleged the following. Homeowners have a home mortgage that is currently held and serviced by Wells Fargo. Homeowners executed the note and mortgage in 1998 to Norwest Mortgage, Inc. In 2000, homeowners received notice that Norwest Mortgage would change its name to Wells Fargo Home Mortgage, Inc. In May 2004, homeowners received notice that Wells Fargo Home Mortgage would merge into Wells Fargo Bank N.A. Beginning in April 2009, homeowners sent Wells Fargo several letters requesting a reduction in the interest rate of their loan. Homeowners were dissatisfied with the ensuing loan-reduction process offered by Wells Fargo, and filed suit against Wells Fargo alleging violations of two federal statutes and the Vermont Consumer Protection Act.[1] Homeowners sought a declaratory judgment that Wells Fargo could not enforce the note and sought as monetary damages the return of their mortgage payments.

Homeowners filed for summary judgment on their claims under the federal Real Estate Settlement Procedures Act (RESPA), which requires mortgage servicers to respond to qualified written requests from borrowers or be liable to the borrower for any actual damage caused by the failure to reply. See 12 U.S.C. § 2605(e), (f)(1). Homeowners claimed that Wells Fargo failed to respond to several qualified written requests. The trial court concluded that none of the letters

---

[1] Although the complaint also named the law firm of Downs Rachlin Martin, PLLC, and attorneys Andre Bouffard and Merritt Schnipper, these defendants were dismissed, and those claims are not part of this appeal.

and handwritten notes sent by homeowners to Wells Fargo or its agents met the requirements of a qualified written request under RESPA, and granted Wells Fargo partial summary judgment. The court denied homeowners' motion for summary judgment on their remaining claims.

Homeowners amended their complaint and filed several motions. At a subsequent motions hearing, the court attempted to narrow the remaining issues. Homeowners explained that their claim was essentially that no mortgage existed because there was no proof that Norwest Mortgage, Inc. ever received the original documents or that they were transferred to Wells Fargo. At the time, Wells Fargo's attorney stated that the original note had not been located, but it would be produced if found. The court clarified with homeowners that their remaining claim was that Wells Fargo did not hold the original note and mortgage and therefore could not enforce it, and explained that it would set the matter for an evidentiary hearing to allow Wells Fargo to bring whatever documents and witnesses it had.

The court held a bench trial in June 2014. At the outset, the attorney for Wells Fargo represented that after a reinvigorated search the original note and mortgage had been located, and offered as an exhibit the original loan file and the testimony of a Wells Fargo employee. The employee's role at Wells Fargo was as a loan verification analyst, and she testified to the procedure for keeping and finding business records at Wells Fargo. Although homeowners objected to her testimony, the court concluded she was qualified to testify and accepted her testimony. She testified that the exhibit offered by Wells Fargo contained the original loan documents for homeowners. She stated that she had compared the scanned image in the Wells Fargo computer system to the document offered at trial and concluded that they matched. The court admitted the exhibit over homeowners' objection. Homeowners contended that the evidence failed to establish that the documents offered by Wells Fargo were the originals or that Wells Fargo held the original note.

At the close of the hearing, the court made findings on the record. The court found that the bank had produced evidence that it held the original note and rejected homeowners' assertions that the documents were forgeries or copies for lack of any evidence of fraud. The court concluded that there was no basis to grant homeowners a declaratory judgment and followed this decision with a written order dismissing homeowners' case. Homeowners moved to reconsider, and the court denied the motion. Homeowners then filed this appeal.

On appeal, homeowners first raise several arguments concerning the admission of the Wells Fargo documents and the testimony of the Wells Fargo employee. We review these decisions for an abuse of discretion. Gilman v. Towmotor Corp., 160 Vt. 116, 122 (1992) (explaining that trial court has "great latitude in decisions to admit or exclude evidence, and such decisions will not be reversed absent an abuse of discretion resulting in prejudice").

The court did not abuse its discretion in admitting the testimony of the Wells Fargo employee. Homeowners contend that the employee could not testify because she did not have written permission from Wells Fargo, but fail to support this argument with any authority. There was a sufficient basis for the court to conclude that the employee had personal knowledge of the Wells Fargo business records-storage system and had sufficient knowledge to form an opinion about the authenticity of the loan documents. See V.R.E. 602 (stating that witness may testify to subjects about which she has personal knowledge), 701 (allowing lay witness to provide opinion on subjects that are "rationally based on the perception of the witness"). The employee testified that she was the designated representative of Wells Fargo and it was part of her job responsibilities to "review and analyze business records in preparation for court." She further

explained the steps she went through to confirm that the loan file contained the original note and gave her opinion based on that information.

In addition, the court was within its discretion in admitting the Wells Fargo exhibit of the original loan file. The Wells Fargo employee's testimony was sufficient to authenticate the document. See V.R.E. 901(b)(1) (stating that testimony of witness with knowledge is sufficient to authenticate document). The employee described the scope of her duties at Wells Fargo, her familiarity with the document-storage system, and the process she went through particular to this file to authenticate the documents. This was sufficient to authenticate the documents, and therefore the court did not err in admitting them. We reject homeowners' argument that the loan file could not be admitted without a control index or a document showing the chain of custody for the documents because homeowners have failed to demonstrate a legal basis for such requirements.

Homeowners also argue that the court erred in finding that the documents offered by Wells Fargo were the original loan documents and in relying on the witness's statements despite alleged contradictions in her testimony. Homeowners seek to have this court reweigh the evidence, but this is the role of the factfinder, and beyond the scope of the appeal. It was up to the trial court to determine whether to accept and rely on the evidence provided by Wells Fargo. See Dewey v. Town of Waitsfield, 2008 VT 41, ¶ 17, 184 Vt. 92 (explaining that it is up to court as trier of fact "to determine the weight, credibility, and persuasive effect of the evidence").

Homeowners also contend that Wells Fargo has failed to prove that it is entitled to enforce the note. Homeowners' arguments reflect a misunderstanding regarding the nature of the declaratory action brought against Wells Fargo and the resulting burden of proof in such an action. Homeowners filed a preemptive suit against Wells Fargo, essentially challenging the enforceability of the mortgage and note. In Dernier v. Mortgage Network, Inc., 2013 Vt. 96, 195 Vt. 113, this Court recognized that prior to the filing of a foreclosure action, homeowners could have standing to bring a suit against a note and mortgage holder under very limited circumstances. Id. ¶ 43. We explained that, in such an action, the ability to enforce the note is the critical question because the mortgage follows the note and the mortgage holder had not acted to enforce the mortgage. Id. ¶ 51. Thus, to prevail in their preemptive suit, the plaintiffs have the burden of proving they have defenses to enforcement of the note such that they can avoid enforcement. Id. ¶ 43. Where the bank has possession of the note, the plaintiffs "face a large obstacle in Article 3's [of the Uniform Commercial Code] provision that a stranger to a contract cannot enforce it." Id. ¶ 52. The exception is when " 'the obligor proves that the instrument is a lost or stolen instrument.' " Id. (quoting 9A V.S.A. § 3-305(c)). In Dernier, we reversed the court's dismissal of the plaintiffs' claims on a motion to dismiss, concluding that the plaintiffs had pled sufficient facts that the note was fraudulently acquired to survive dismissal for failure to state a claim. Id. ¶ 53.

Under Dernier, homeowners here had the burden of demonstrating that the instrument to be enforced was lost, stolen or obtained fraudulently. Unlike Dernier, which was decided on a motion to dismiss, in this case there was an evidentiary hearing and the entire loan file was admitted as an exhibit. The file contains the note and mortgage assigned to Norwest Mortgage, Inc. The exhibit contains a recorded assignment of the mortgage from December 1999 to First Union National Bank. There is also a corrective assignment filed in 2011 to show the proper assignee as Wells Fargo Bank, N.A. The note has an allonge by Wells Fargo Home Mortgage, Inc. endorsing it in blank. There is an amendment to the note from April 2000 indicating that Norwest Mortgage, Inc. changed its name to Wells Fargo Home Mortgage, Inc. There is also a

3

letter certifying the 2004 merger of Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank, N.A.

In response, homeowners testified that the note was forged and cannot be enforced because First Union National Bank "failed" in 2001 and there is no evidence to show that First Union reassigned the mortgage to Wells Fargo. Homeowners claim that Wells Fargo is a "legal stranger" because the original note was not assigned to Wells Fargo and there are no assignments to it in the loan file. Wells Fargo responds that it has possession of the note and legally obtained the note through a series of mergers and that under 12 U.S.C. § 215a(e) there was no need for a specific assignment of the mortgage. See CFS, LLC v. Bank of Am., 962 N.E.2d 151, 154 (Ind. Ct. App. 2012) (concluding that under 12 U.S.C. § 215a(e) bank as successor after merger acquired rights to enforce note and mortgage).

The trial court acted within its discretion in concluding based on the evidence that homeowners failed to meet their burden of demonstrating that the note was a lost or stolen instrument.[2] The court credited the evidence provided by Wells Fargo that it possessed the original note and mortgage. Further, although homeowners contended that the assignment of the mortgage to First Union National Bank provides evidence that Wells Fargo has no authority to enforce the note, this fails to meet homeowners' burden for two reasons. First, there is a corrective assignment to Wells Fargo. Second, as explained above, it is the note that is important because the mortgage follows the note, U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81, ¶ 13, 190 Vt. 210, and homeowners failed to present evidence that the note was lost, stolen or obtained fraudulently.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2] It is important to emphasize that this finding does not impact the ability of Wells Fargo to bring any future foreclosure action, at which it would be required to make the necessary showing required under the law and the particular procedural rules. See, e.g., V.R.C.P. 80.1 (providing requirements for filing foreclosure action).

4