VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 20-CV-00619

U.S. Bank Trust Nat'l Ass'n, as Trustee
of American Homeowners Preservation Trust Series
AHP Servicing
      Plaintiff

v.

Timothy Truman, Stacey Truman,
and CitiFinancial, Inc.
      Defendants

Decision on Pending Motions

      In August 2007, defendants Stacey Truman and Timothy Truman mortgaged their property at 15 Spring Street in the town of Springfield to CitiFinancial, Inc., to secure a loan that was evidenced by a promissory note. Between 2012 and 2020, the mortgage was transferred on multiple occasions through a series of assignments, only some of which also purported to transfer ownership of the note. In 2020, a foreclosure complaint was filed by Resolve Capital Group, LLC, and in April 2022, the mortgage was transferred again to U.S. Bank Trust National Association, as Trustee of the American Homeowner Preservation Trust Series AHP Servicing ("AHP"), without any reference to whether the note was also transferred. A default judgment was then granted to AHP in October 2022, and the property was sold on June 26, 2023 to AHP, as reflected in the report of sale prepared on that date. A confirmation order then issued on August 23, 2023, transferring title of the mortgaged property to AHP "upon the recording of this order in the land records."

      At present, the confirmation order still has not been recorded. A reason for this is that litigation has emerged between third parties Secured Investment Corporation and Cymbidium Restoration Trust regarding both of those parties' claims to ownership of the property. A concerning aspect of that litigation is that both parties contend that the holder of the note in October 2022 was someone other than AHP. See *U.S. Bank National Association v. Kimball*, 2011 VT 81, ¶¶ 13–15, 190 Vt. 210 (explaining that "[t]o foreclose a mortgage, a plaintiff must demonstrate that it has a right to enforce the note" under the provisions of the Uniform Commercial Code). Aside from that observation, both parties have represented to the court that they are close to resolving their dispute through negotiations. Questions remain, however, about the legal procedures to be followed with respect to the property title and to enforcement of a writ of possession.

From the court's perspective, Vermont's foreclosure statutes provide that a confirmation order "shall be recorded in the land records of the town where the mortgaged property is located" and that a recorded confirmation order has the effect of "transfer[ring] title to the mortgaged property *to the purchaser.*" 12 V.S.A. § 4954(b) (emphasis added). A confirmation order is considered to be "*conclusive evidence as against all persons* that the foreclosure and sale were conducted in accordance with this section." 12 V.S.A. § 4954(a) (emphasis added). As such, absent a postjudgment motion for relief filed pursuant to Vermont Civil Procedure Rule 60, the court's view is that the confirmation order is "conclusive evidence as against all persons" (including as against both Secured Investment Corp. and Cymbidium Restoration Trust) that the property was sold to AHP, that the confirmation order must be recorded, and that the recording will have the effect of transferring title to AHP.

If that procedure is followed, nothing whatsoever prevents AHP from subsequently transferring title to the property to any party by subsequent deed. Any negotiations completed between Secured Investment Corporation and Cymbidium Restoration Trust could easily be expressed (for purposes of the land records) in the form of a subsequent deed from AHP to the buyer.

In the meantime, there is the question of the writ of possession. Title 12, V.S.A. § 4946(a) authorizes the issuance of a writ of possession within the context of foreclosure cases "upon expiration" of the redemption period and "at the plaintiff's request." The idea of this procedure is typically to facilitate removal of the occupants before the foreclosure sale takes place. Use of the procedure after the sale—and after confirmation—raises a number of procedural considerations not contemplated by the foreclosure statutes. See *Wells Fargo Bank v. Sweet*, No. 123-3-13 Bncv, 2014 WL 5091910 (Vt. Super. Ct. June 30, 2014) (Wesley, J.) (explicating those considerations). In this case, the use of the writ procedures after confirmation have resulted in two different parties seeking intervention in the case, both claiming some interest in the property that is not reflected in the report of sale or the confirmation order, but neither seeking (at least, at this time) to set aside the confirmation order.

In this posture, the court will not approve enforcement of a writ of possession issued pursuant to the foreclosure statutes. Neither Secured Investment Corp. nor Cymbidium Restoration Trust are the "plaintiff" in this case, as required by 12 V.S.A. § 4946(a), and neither entity is the purchaser of the mortgaged property as reflected in the confirmation order, 12 V.S.A. § 4954(b). Either party, though, upon recording of the existing confirmation order in the land records, and a subsequent deed transferring ownership from AHP to the new purchaser, would be entitled to seek ejectment of any persons occupying the property pursuant to the procedures set forth in Title 12, Chapter 169. Such a procedure has been followed in other cases, e.g., *U.S. Bank Trust, N.A. v. Burlett*, No. 23-CV-02071, Decision on Motion for Summary Judgment (Vt. Super. Ct. Jan. 25, 2024) (Burke, J.), and represents, in this court's view, the correct method of seeking the ejectment of occupants from a foreclosed property after the confirmation order has issued.

An advantage of the rulings reflected in this order is that virtually nothing more is required in this docket, as is appropriate for a post-confirmation foreclosure proceeding. Because the parties agreed on the record to the issuance of a preliminary injunction prohibiting the recording of the confirmation order, a stipulated motion will be required to lift that order. Once that order is lifted, nothing further needs to be filed in this docket, as (1) any issues regarding the title can be resolved privately and by recording the confirmation order and a subsequent deed in the land records and (2)

any issues regarding ejectment should be resolved by the commencement of an ejectment proceeding by the recorded owner of the property pursuant to Title 12, Chapter 169.

For these reasons:

(1) The writ of possession previously issued on February 13, 2024 is vacated;

(2) Cymbidium Restoration Trust's Motion to Intervene (Motion 13) is granted;

(3) Cymbidium Restoration Trust's Motion for Preliminary Injunction (Motion 14) is granted;

(4) Atty. Ljunggren's Motion to Withdraw (Motion 16) is granted both as to herself as to the other attorneys represented in the motion, since the confirmation order has issued, and nothing else is pending save the anticipated vacatur of the preliminary injunction. AHP is hereby advised that if a motion for relief from judgment is filed, a new notice of appearance will be required on its behalf.

Electronically signed on Monday, July 1, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 07/02/24
Windsor Unit