2006 VT 108

**Joan ENDRES v. Kevin ENDRES**

[912 A.2d 975]

No. 04-281

¶ 1. October 25, 2006. Plaintiff Joan Endres appeals the superior court's dismissal of her complaint for negligence, battery, and intentional infliction of emotional distress against her former husband, Kevin Endres. Wife's complaint alleges that, unbeknownst to her, husband had a sexual affair, contracted Human Papillomavirus (HPV), and then infected wife with the virus. We reverse the trial court's dismissal of wife's claim

for negligence. We affirm dismissal of wife's claims for battery and intentional infliction of emotional distress.

¶ 2. We take as true the following facts alleged in wife's complaint. *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997). Husband and wife were married in 1972. At some point during their marriage, husband had an affair. He contracted HPV, as did wife. Wife never had a sexual partner other than husband, and the only established mechanism for cervical HPV infection is through vaginal penetration. Wife suffered injuries as a result of the HPV infection.

¶ 3. Husband filed a motion to dismiss for failure to state a claim, arguing that: (1) wife's claim of negligence failed because she did not allege that husband actually knew he was infected with HPV, which was required to establish that husband owed a duty to wife; (2) wife's claim of battery failed because, without actual knowledge of his infection, husband lacked the requisite intent; and (3) wife's claim for intentional infliction of emotional distress also failed for lack of intent. In addition, husband argued that the doctrine of interspousal immunity prevented wife from asserting any claims against husband. The superior court dismissed the complaint for failure to state a claim, concluding that all of wife's claims required an allegation that husband knew or should have known that he was infected with HPV, and wife had failed to allege such knowledge. Wife filed this appeal.

¶ 4. We first address wife's negligence claim. The trial court dismissed this count for failure to state a claim, concluding that wife was required to plead what duty husband owed to her and that she had failed to articulate a specific duty. Rule of Civil Procedure 8(a) explains that the pleading should set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a). Our procedural rules do "not require a specific and detailed statement of facts constituting the cause of action." *Levinsky v. Diamond*, 140 Vt. 595, 600, 442 A.2d 1277, 1280 (1982), *overruled on other grounds by Muzzy v. State*, 155 Vt. 279, 280 n.*, 583 A.2d 82, 83 n.* (1990). The complaint need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Lane v. Town of Grafton*, 166 Vt. 148, 152-53, 689 A.2d 455, 457 (1997). Additionally, motions under Rule 12(b)(6) are not favored and rarely granted, especially when the asserted theory of liability is novel. *Ass'n of Haystack Prop. Owners v. Sprague*, 145 Vt. 443, 446-47, 494 A.2d 122, 125 (1985).

¶ 5. Here, wife alleged that husband acted negligently in transmitting an STD to her and that she has suffered injuries as a result of this transmission. Although wife has not specifically enumerated facts to demonstrate that husband owed her a legal duty and breached that duty, such specificity is not required at the pleading stage. Under our liberal pleading rules, "[i]t is sufficient against a motion to dismiss to allege that defendant acted negligently and as a result plaintiff was injured." *Augusta Broadcasting Co. v. United States*, 170 F.2d 199, 200 (5th Cir. 1948) (applying analogous federal rule); accord *Granger v. Shouse*, 10 F.R.D. 439, 440 (W.D. Mo. 1950) (explaining that "a general averment of negligence is all that is required").

¶ 6. By contrast, we conclude that wife's claims for battery and intentional infliction of emotional distress do require an allegation that husband actually knew he was infected with HPV, and we affirm dismissal of those claims. Intent is a required element of battery, *Wilson v. Smith*, 144 Vt. 358, 361, 477 A.2d 964, 965 (1984), and intentional infliction of emotional distress requires a showing that the defendant "engaged in outrageous conduct, done intentionally or with reckless disregard of the probability of caus-

ing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." *Fromson v. State*, 2004 VT 29, ¶ 14, 176 Vt. 395, 848 A.2d 344 (citations and quotations omitted). In the absence of an allegation that husband had actual knowledge that he had contracted an STD, these claims were properly dismissed.

*Affirmed in part, reversed in part, and remanded for further consideration consistent with this order.*