*U.S. Bank Nat'l Ass'n. v. Fresne*, No. 398-11-15 Bncv (Valente, J., Feb. 4, 2016)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 398-11-15 Bncv |

| | |
|---|---|
| U.S. Bank National Asso.,<br>      Plaintiff<br><br>      v.<br><br>David M. Fresne,<br>David M. Fresne,<br>Thiele Wetzel,<br>Jaimee Fleischman,<br>Internal Revenue United States of America,<br>      Defendants | DECISION ON MOTION |

Title:       Motion to Dismiss for Lack of Standing
Filer:       David M. Fresne, Individual, Todd Hill Trust, David M. Fresne as Trustee of the
             Todd Hill Trust, Defendants
Attorney:    Patrick J. Bernal
Filed Date:  12/21/15
Response filed on 12/28/15 by Attorney Grant C. Rees for Plaintiff
Reply filed on 1/8/16 by Attorney Bernal for Defendants

## Opinion

This is a foreclosure case. Defendants Todd Hill Trust and David M. Fresne, as an individual and as trustee for the trust, have filed a motion to dismiss pursuant to Vermont Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing. Defendants argue Plaintiff has no standing on the ground that it has not sufficiently pled that it is the holder of the Promissory Note. They assert that Plaintiff has not alleged sufficient facts for the court to conclude at this stage in the proceedings that the endorsement of the original promisee is on the Note. Further, they argue that the original promisee's endorsement is invalid because it was made without its agent's authorization. Plaintiff responds that Defendants' primary argument misconstrues the facts and the caselaw; however, it does not address Defendants' second argument. For the foregoing reasons, the court DENIES Defendants' motion to dismiss.

### *Background*

The following facts are taken from the complaint. In December 2003, Defendant Fresne acquired a piece of property and conveyed it to the trustees of Defendant Todd Hill Trust. On April 24, 2006, Defendant Fresne, both individually and as trustee, executed a promissory note in favor of Countrywide Home Loans, Inc. (Countrywide) in the amount of $744,000.00. The note was secured by a mortgage deed to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Countrywide. The deed was later assigned from MERS to Bank of America, N.A. (BoA) when BoA merged with Countrywide. Plaintiff claims the promissory note was

negotiated to it, although it did not state when this negotiation occurred or whether it received the note directly from BoA. Plaintiff also asserts that it currently possesses the original note.

On November 5, 2015, Plaintiff filed a complaint initiating this action.[1] Exhibit 1 of the complaint contains three pages that appear to be copies of original documents. The first page is titled "Note" and the second page is clearly a continuation of the note, as it has the same form number at the bottom of the page, the same font, and the numbered sections on the second page follow where the first page numbers leave off. Neither page has images indicating that they were two-hole punched. The third page is the center of this dispute. In the top-left corner is a handwritten "x." On the bottom of the page are images indicating that the original is two-hole punched. In the top-right corner is the following writing:

PAY TO THE ORDER OF
[blank]
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC

BY: _____
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

Ms. Sjolander's signature appears on the line above her written name. It is unclear whether her signature was handwritten, stamped, or electronically created. There is no date on the page.

Defendants argue that there is nothing on the face of the complaint indicating that the third page is connected to the two other pages. Plaintiff counters that the third page is actually the backside of page two in the original promissory note and that the first two pages are also two-hole punched, but that the images of those holes "may not have come through on the copies appended to plaintiff's complaint." Defendants respond that while this is "a facially plausible explanation" there is nothing in the complaint to indicate that this is correct and that the court must limit itself to the complaint when deciding the Rule 12(b)(6) motion.

Further, Defendants tentatively cast doubt on the validity of the endorsement. They describe the identity of the original holder of the note as "troubling" and have attached a portion of a deposition transcript from a federal case in Mississippi in which Ms. Sjolander states that she did not personally sign any endorsements, but rather signed a power of attorney form which allowed employees of another company, Recontrust, to sign her name, even though she did not know who they were and was not allowed to observe them signing her name unless she was performing an audit and was escorted by a Recontrust employee. Plaintiff has not responded to this argument.

*Motion to Dismiss Standard*

Motions to dismiss for failure to state a claim under 12(b)(6) are "not favored and rarely granted." *Endres v. Endres*, 2006 VT 108, ¶ 4, 180 Vt. 640. It is an "exceedingly low" hurdle plaintiffs must leap to survive such a motion. *Prive v. Vt. Asbestos Grp.*, 2010 VT 2, ¶ 14, 187 Vt. 280. Simply put, "dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint, that would entitle the plaintiff to relief." *Id.* (quoting *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575) (alterations omitted). A complaint does not have to be "a model of legal clarity," it need only put defendants on notice of the plaintiff's general claim. *Bock*, 2008 VT 81, ¶ 8. If greater specificity is

---

[1] On November 19, 2015, Plaintiff submitted an executed copy of the complaint to the court.

required, defendants can file a motion for a more definite statement. *Id.* However, the court is "not required to accept as true the legal conclusions or unwarranted deductions of fact drawn by the non-moving party." *Felis v. Downs Rachlin Martin, PLLC*, 2015 VT 129, ¶ 14 (quoting *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir. 2004)).

## *Standing to Enforce a Promissory Note*

When assessing a motion to dismiss for lack of standing, the court accepts all factual allegations in the complaint as true. *U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, ¶ 12, 190 Vt. 210. "[Vermont courts] have the same standing requirement as the federal courts in that our jurisdiction is limited to 'actual cases or controversies.'" *Id.* Accordingly, a plaintiff must show (1) injury in fact, (2) causation, and (3) redressability. *Id.*

In the foreclosure context, "a plaintiff must demonstrate that it has a right to enforce the note, and without such ownership, the plaintiff lacks standing." *Id.* ¶ 13. As explained in *Kimball*, it is the promissory note, rather than the mortgage that is important. *Id.* Promissory notes are negotiable instruments subject to the Uniform Commercial Code (UCC). *Id.*, see also 9A V.S.A. § 3-104. Thus, it is Plaintiff's burden to show that it was a "'person entitled to enforce'" the note under the UCC. *Kimball*, 2011 VT 81, ¶ 13. A "person entitled to enforce" is defined as either "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3-309 [regarding lost, destroyed, or stolen instrument] or 3-418(d) [regarding payment or acceptance by mistake] of this title." 9A V.S.A. § 3-301. Further:

> A person becomes the holder of an instrument when it is issued or later negotiated to that person. 9A V.S.A. § 3–201(a). Negotiation always requires a transfer of possession of the instrument. *Id*. § 3–201 cmt. When the instrument is made payable to bearer, it can be negotiated by transfer alone. *Id*. §§ 3–201(b), 3–205(a). If it is payable to order—that is, to an identified person—then negotiation is completed by transfer and endorsement of the instrument. *Id*. § 3–201(b). An instrument payable to order can become a bearer instrument if endorsed in blank. *Id*. § 3–205(b).

*Kimball*, 2011 VT 81, ¶ 14.

## *Analysis*

The essential inquiry here is the same as the issue the Vermont Supreme Court faced in *Kimball*:

> [B]ecause the note was not issued to U.S. Bank, to be a holder, U.S. Bank [is] required to show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to U.S. Bank.

*Kimball*, 2011 VT 81, ¶ 14.

The first issue raised by Defendants is that there are insufficient facts in the complaint to show that the note contains a blank endorsement. Defendants do not challenge the originality of the note and Plaintiff does not contend that the note was made payable to order with an endorsement specifically naming U.S. Bank.

Defendants argue that the note does not contain a blank endorsement because the third page of Exhibit 1 of the Complaint—which does contain a blank endorsement—"has no facial connection" with the first two pages. They explain that the third page does not have information specifically identifying the borrower or loan number, it is undated, and unverified, and that unlike the first two pages, it has images indicating it was two-hole punched. To emphasize their point that the third page is not connected to the note, Defendants refer to it as an allonge.[2] In response to Plaintiff's assertion that the third page is merely a photocopy of the back of the original note's second page and not an allonge, Defendants argue that the court need not consider this explanation and only look to the documents that were actually filed with the court.

While the court acknowledges Defendants' creativity and finds it interesting that the first two pages of Exhibit 1 do not have images of the two-hole punch, the court rejects Defendants' argument. A 12(b)(6) motion may only be granted if there are "no facts or circumstances, consistent with the complaint, that would entitle the plaintiff to relief." *Prive*, 2010 VT 2, ¶ 14. Especially in light of the clear preference against granting 12(b)(6) motions, the court finds Plaintiff's explanation to be plausible and consistent with the allegation in the complaint that it contains a note with a blank endorsement. Further, Defendants could have moved for a more definitive statement if they believed that the allegation and pages in Exhibit 1 were vague.

The second issue raised by Defendants is that even if the note was endorsed, the endorsement was invalid because it was signed by a person without authority. Defendants attached a portion of an uncertified copy of Ms. Sjolander's deposition transcript conducted as part of *Kirby v. Bank of America, N.A.*, No. 2:09-cv-182-DCB-JMR, 2012 WL 1067944 (S.D. Miss. Mar. 29, 2012). In the portion of the deposition attended, Ms. Sjolander states that she signed a document giving a company that managed Countrywide's vaults, Recontrust, her power of attorney for endorsing promissory notes. Further, she acknowledges that she did not know the Recontrust employees who were applying her signature to the notes and that she did not have access to the area where the employees were signing the notes unless she was conducting an audit and was accompanied by a Recontrust employee.

It appears that Defendants are not the first promisors to cite to Ms. Sjolander's deposition. Interestingly, in *Kirby*, the court granted summary judgment to BoA and "f[ound] no genuine dispute regarding the authenticity of the indorsements." *Kirby*, 2012 WL at * 4 n.11; see also *Bank of N.Y. Mellon v. Sakala*, No. 11-00618 DKW/BMK, 2013 WL 4852319 at * 3 (D.Haw. Sept. 10, 2013) (finding that the bank was entitled to enforce the note despite Recontrust employee using Ms. Sjolander's power of attorney to endorse the note on her behalf).

However, other cases have not addressed this issue due to a technical flaw in the homeowners' arguments. This is a flaw that also renders Defendants argument invalid at this point in the proceedings. Accordingly, this court will not rule on whether the endorsement was valid here.

Under UCC § 3-308, "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied *in the pleadings*." 9A V.S.A. § 3-308(a) (emphasis added); see also *In re Scafuro*, No.12-10902, No. 13-1006, 2013 WL 4776740 at *3 (Bankr. D. Vt. Sept. 4, 2013). "In the absence of such specific denial *the signature stands admitted, and is not in issue*." 9A V.S.A. § 3-308(a), cmt. 1 (emphasis added); see also *Bank of America, N.A. v. Voog*, No. DBDCV126008819S, 60 Conn. L. Rptr. 652, 2015 WL 4965858 (Conn. Supp. Ct. Jul. 23, 2015); *Bank of America, N.A. v.*

---

[2] "An allonge is '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" *Kimball*, 2011 VT 81, ¶ 4 n.1 (quoting Black's Law Dictionary 83 (8th ed. 2004)).

*Cornelius*, No. 2-13-0529, 2014 IL App (2d) 130529-U, 2014 WL 31468 (Ill. App. Ct. Jan. 3, 2014); *In re Stanley*, 514 B.R. 27 (Bankr. D. Nev. 2012). Accordingly, because motions made pursuant to V.R.C.P. 12(b)(1) and 12(b)(6) are not pleadings, see V.R.C.P. 7(a), the authenticity of Ms. Sjolander's signature is admitted and not an issue for the purposes of this motion.

Of course, Defendants have not submitted an Answer, and thus are free to attack the authenticity of the signature in their Answer. However, the court emphasizes that should Defendants do so, the denial must be specific and that due to the presumed validity of the signature, Defendants have the burden to overcome this presumption.[3] Merely suggesting that Countrywide's history is "troubling" and attaching an uncertified excerpt of Ms. Sjolander's deposition is not a specific denial of the authenticity of her endorsement.

WHEREFORE, Defendants Motion to Dismiss for Lack of Standing is hereby DENIED.

Electronically signed on February 04, 2016 at 09:26 AM pursuant to V.R.E.F. 7(d).

_____
John W. Valente
Superior Court Judge

---

[3] According to UCC § 1-206, whenever the UCC creates a presumption, "the trier of fact must find the existence of the fact unless and until evidence is introduced that supports a finding of its nonexistence." 9A V.S.A. § 1-206; see also *In re Stanley*, 514 B.R. 27, 39 (Bankr. D. Nev. 2012).