Vermont Superior Court
Filed 03/25/24
Caledonia Unit

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00150

| Dominick Hough v. Nicholas Deml |
| --- |

## ENTRY REGARDING MOTION

Title: Motion to Dismiss  (Motion: 2)
Filer: Brendan T. Sage
Filed Date: January 24, 2024

The motion is GRANTED IN PART and DENIED IN PART.

The Department of Corrections seeks to dismiss Petitioner Hough's appeal concerning his two-year furlough interrupt resulting from the determination that he absconded four days into his furlough.  Petitioner opposes the dismissal.  The Court denies the motion to dismiss, but it grants the Department judgment on the question of whether Petitioner's actions constituted absconding.

A motion to dismiss is a necessarily limited remedy that is intended to test the law of the case and not the disputed facts.  *Bock v. Gold*, 2008 VT 81, ¶4.  Such motions are disfavored and should be rarely granted. Id. (citing *Endres v. Endres*, 2006 VT 108, ¶ 4).

The undisputed facts of this case are that the Department released Hough to community supervised furlough on Monday, November 20, 2023.  On Friday, November 24, 2023, the ankle monitoring device used to track Hough registered a disruption in the batteries and the strap rendering the device unable to track him.  On Monday, November 27, 2023, Petitioner's parole officer attempted to contact him using the phone number that Petitioner had registered with the Department.  The call went to voice mail.  Later that day, the parole officer confirmed that Petitioner was no longer at his residence and had not been at the residence since November 23d.  On November 28, 2023, Petitioner turned himself into the probation and parole office and confirmed that he had cut off the monitoring device.

Petitioner was re-incarcerated and issued a timely notice of suspension for several issues, including absconding from supervision.  Petitioner waived his right to a hearing on these issues, and

the matter went to a case staffing where the Department revoked his furlough for the remainder of his sentence.

Petitioner first contends that his absconding is a contested issue. Petitioner claims that he was provided with insufficient suboxone when he left custody and that as a result, he relapsed. He did not contact his parole officer because his phone was not working and because he was relapsing. He then went to his next regularly scheduled check-in on Tuesday the 28th and arrived early. Petitioner contends that this potential testimony creates an issue of fact with the definition of absconding under Section 722, which defines absconding to mean that "the offender has not met supervision requirements, cannot be located with reasonable efforts, and has not made contact with Department staff within three days . . . ." 28 V.S.A. § 722(1).

The distinction that Petitioner seeks to make is not supported. As the facts show, Petitioner purposefully cut off the primary means of monitoring his location on a Friday. He also left his housing on Thursday and did not leave a forwarding address or contact information. When his parole office attempted to contact him, he was unreachable. The Court cannot find or conclude under these circumstances that Petitioner did not abscond. The fact that his parole officer waited a weekend to contact him does not make the parole officer's actions unreasonable efforts. Moreover, Petitioner set these actions in motion at each step of the way, and he was out of contact with staff for more than three days.

Therefore, the Court determines that Petitioner actions constituted absconding as that term is defined under 28 V.S.A. § 724(a), and the Department had sufficient factual justification for making that determination. As an absconding violation, the Department was alos entitled to consider Petitioner's non-compliance a significant violation under Department Policy 430.11(F)(2)(d), which rendered him eligible for an immediate furlough interrupt instead of graduated, lesser consequences. Further, under 28 V.S.A. § 724(d)(3), absconding justifies a furlough interrupt of 90 days or more, which means that the Department's imposition of a two-year furlough interrupt is not a per se abuse of discretion.

While the Department's determination that Petitioner's actions constituted absconding as a matter of law, Petitioner has argued in the alternative that a motion to dismiss his appeal is inappropriate at this time as nothing in section 724 (d) mandates the length of a furlough interrupt, and nothing in the Department's policies prevent Petitioner for arguing for a reduced interrupt on

both grounds that the Department's determination was unduly harsh or that the determination failed to account for multiple mitigating factors.

On this point, Petitioner is correct. The court's review and evaluation of an interrupt under Section 724 (c) is to give the Petitioner an opportunity to present additional evidence and argument to adjust, alter, or even revoke his interrupt for an abuse of discretion. 28 V.S.A. § 724(c)(1). This review extends to both the length of the interrupt as well as the revocation itself. Id. at § 724(c) (2). Given the Court's determination that Petitioner's actions constituted absconding as a matter of law, the issue of revocation has been resolved, and the Department's determination is affirmed as a matter of law. This leaves the question of whether the length of the interrupt was appropriate. To that end, Petitioner is entitled to a hearing.

## ORDER

Based on the foregoing, the Department's motion to dismiss is **Granted in part** and **Denied in part.** As to the issue of whether the revocation was appropriate under 28 V.S.A. § 724(c)(2), the Court determines that Petitioner's action constituted an absconding as a matter of law, and the Department was entitled to revoke Petitioner's furlough, and there is no abuse of discretion is this decision as a matter of law. Petitioner's claims seeking to challenge this portion of his interrupt are dismissed. The question of whether imposed length of the interrupt was an abuse of discretion or not remains an open issue, and one that Plaintiff is entitled to present testimony and argument, which the Court will allow. The motion to dismiss this portion is denied.

The Court shall set the remaining issue for a 30-minute bench trial at its next available date.

Electronically signed on 3/22/2024 12:13 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge