Filed 11/12/24

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02005

---

**Bethany Boulger v. Wells Fargo Bank, NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass-Through Certificates et al**

---

## ENTRY REGARDING MOTION

Title:  Defendants' V.R.C.P. 12(b)(1), 12(b)(6), and 12(b)(7) Motion to Dismiss; (Motion 2)

Filer:  Nicholas J. Schneider

Filed Date:  July 26, 2024

This case involves a dispute over Defendants Wells Fargo Bank and Carrington Mortgage Services (Defendants) allegedly promising Plaintiff Bethany Boulger (Boulger) during foreclosure mediation that if she quitclaimed her interest in the property, Defendants would release her from the Note and Mortgage.  This alleged agreement was not put into a writing.  On July 26, 2024, Defendants filed a Motion to Dismiss pursuant to V.R.C.P. 12(b)(1), 12(b)(6), and 12(b)(7).  On August 26, 2024, Boulger responded with a Memorandum in Opposition.  Defendants filed a Reply on September 3, 2024.

For the following reasons, Defendants' Motion to Dismiss is granted in part and denied in part.

### Facts

The following facts from Boulger's Complaint are accepted as true.  In 2006, Boulger and her then-husband Daniel DeMasi (DeMasi) executed a promissory note as co-borrowers and obtained a loan to take title of real property as joint tenants.  That same day, Boulger and DeMasi, as co-borrowers, granted a mortgage on the property to secure the loan.  Boulger and DeMasi divorced in 2007.  Pursuant to their Divorce Decree, Boulger and DeMasi both agreed to be responsible for the mortgage until the property was sold or, if not sold, until DeMasi refinanced the loan.  The Divorce Decree states that if the property was not sold, then DeMasi would refinance the property in his name alone and Boulger would quitclaim all title and interest in the property.  The property was not sold or refinanced, and Defendants eventually began foreclosure proceedings against Boulger and DeMasi in 2021.

Boulger, DeMasi, and Defendants engaged in mediation and reached an agreement.  Boulger quitclaimed her interest in the subject property to DeMasi allegedly on the condition that

Defendants had agreed to release her from her obligations of the Note and Mortgage. This alleged promise was never put into a writing.

Defendants withdrew the foreclosure action, but did not discharge Boulger from liability. Boulger claims that Defendants had agreed to release her from liability on the Note and Mortgage in exchange for her quitclaiming her interest in the subject property. Boulger continues to receive phone calls seeking payment and negative credit reporting because of being on the Note and Mortgage.

In 2022, DeMasi and Defendants modified the Note, and Boulger recorded the quitclaim deed transferring her interest in the property to DeMasi. The foreclosure action was dismissed. There is no writing establishing that Boulger was obligated to release or quitclaim her interest in the property to be discharged from the mortgage loan. Boulger now asserts that Defendants agreed to discharge her from personal liability under the mortgage loan if she quitclaimed her interest in the property.

After filing her quitclaim deed, Boulger sought confirmation that she had been removed from the Note and Mortgage. Defendants never released Boulger from the Note or Mortgage. This suit followed.

Defendants move to dismiss the case based on twelve arguments in their Motion to Dismiss. One of the arguments is that this Court lacks subject matter jurisdiction over the case because only the Family Court can grant the relief Boulger seeks.

## Discussion

### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Defendants move to dismiss the case for lack of subject matter jurisdiction. Defendants argue that the Family Division has exclusive jurisdiction over the subject matter of this claim because the Family Court has exclusive jurisdiction to enforce divorce decrees, which are Family Court orders. In response, Boulger asserts that she is properly seeking relief in the Civil Division because she seeks to hold Defendants to an agreement made during the foreclosure mediation, not to enforce the divorce decree.

A motion to dismiss should be granted where it is "beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605. In deciding a motion to dismiss, courts assume the truth of factual allegations asserted in the complaint, as well as any reasonable inferences that may follow, and focus their inquiry "on the absence of any facts, reasonable factual inferences, and legal bases for recovery alleged in the complaint, attachments thereto, or to matters the court may judicially notice." *Sprague v. Nally*, 2005 VT 85, ¶ 2, 178 Vt. 222 (quoting *Gilman v. Maine Mutual Fire Ins. Co.*, 2003 VT 55, ¶ 20, 175 Vt. 554 (mem.) (internal quotations omitted)). The "purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002) (citing *Levinsky v. Diamond*, 140 Vt. 595, 600

(1982)).  Motions under Rule 12(b)(6) are not favored and rarely granted.  *Endres v. Endres*, 2006 VT 108, ¶ 4, 180 Vt. 640.

While Defendants are correct that Family Courts have exclusive jurisdiction over divorce proceedings and enforcing divorce decrees, this action is not that type of action.  See 4 V.S.A. § 33; *Cameron v. Rollo*, 2014 VT 40, ¶ 14, 196 Vt. 346 (recognizing that matters that belong in family court may not be brought in civil court).  Here, Boulger is asserting that Defendants made her a promise that caused her to take a course of action.  The Divorce Decree between Boulger and DeMasi is relevant to this case, but it does not form the basis of Boulger's claim against these Defendants.  Her claim arises out of the foreclosure proceeding and the results of those proceedings.  Additionally, Boulger is not seeking to enforce the Divorce Order, but rather, a promise that was allegedly made to her during the foreclosure proceedings.

Defendants also argue that DeMasi is a necessary party to this dispute.  Regardless, even if DeMasi were brought into this lawsuit as a defendant, Boulger would not be enforcing the Divorce Decree against him, but seeking relief based on promises made at mediation.

Defendants cite to *Quinn v. Schipper*, to support their assertion aver that the Family Court has exclusive jurisdiction over this dispute.  In *Quinn*, the Court held that the Family Court had exclusive jurisdiction over that case because it dealt with an agreement and addendum to the separation agreement which "were part of the divorce proceedings."  *Quinn v. Schipper*, 2006 VT 51, ¶ 7, 180 Vt. 572.  This case is distinguishable.  Here, the foreclosing parties were not part of the divorce proceedings, and the foreclosure mediation was not part of the divorce proceedings.  Thus, this Court concludes that it does have subject matter jurisdiction over Boulger's claims.

## 2. Motion to Dismiss for the Alleged Agreement being subject to the Statute of Frauds.

Defendants insist that Boulger's claims fail as a matter of law because the alleged agreement for her to quitclaim her interest in the property in exchange for her being released from the Note and Mortgage is oral and subject to the Statute of Frauds.  Boulger maintains that the alleged agreement is not subject to the Statute of Frauds because the agreement was a release from a promise to pay and does not involve the exchange of an interest in land, which would bring the alleged agreement into the realm of the Statute of Frauds.

### A. The alleged agreement is subject to the Statute of Frauds because it involves an interest in land.

The Statute of Frauds is a rule of evidence and does not make oral agreements per se void.  *Willey v. Willey*, 2006 VT, ¶ 19, 180 Vt. 421.  12 V.S.A. § 181 provides that an action at law shall not be brought in a contract for the sale of lands or an interest in lands unless the promise, contract, or agreement upon which such action is brought is signed by the party to be charged therewith.  Both present and future interests, legal and equitable, are interests in land for this purpose, including the interests of a mortgagor and a mortgagee.  Restatement (Second) of

Contracts § 127(a). A promise to give a mortgage or other lien as security for money loaned is ordinarily within this section of the Statute of Frauds. Calamari & Perillo, Contracts § 19-14(c)(2).

The main purpose of the Statute is to protect parties from the enforcement of fraudulent contracts, but it also "helps to ensure that contracts for the sale of land or interests therein are not entered into improvidently." *Stonewall of Woodstock Corp. v. Stardust 11TS, LLC*, 2018 VT 79, ¶ 9, 208 Vt. 97 (citing *Chomicky v. Buttolph*, 147 Vt. 128, 130 (1986)). The central requirements of the Statute are (1) a signature, affixed to (2) a writing. The requirement of a signature by the party to be charged is strict. *Id*. ¶ 10 (citing *Pike Indus., Inc. v. Middlebury Assocs.*, 136 Vt. 588, 592 (1979)).

Here, the alleged agreement is that Defendants promised to release Boulger from a Mortgage in exchange for Boulger quitclaiming her interest in real property. An agreement for execution of the deed of release of portion of mortgaged premises from a mortgage agreement is an agreement for the sale of land and is within the Statute of Frauds. *Merrill v. Pease*, 51 Vt. 556, 557–58 (1879). This alleged agreement falls within the Statute of Frauds because it involves the release of a mortgage, which is an interest in land. Boulger argues that just because the promise involves a piece of land does not automatically bring it within the Statute of Frauds, citing *Cameron v. Burke*, 153 Vt. 565, 571 (1990). There, the Court ruled that "the fact that the payment was to coincide with the selling of defendant's condominium does not put the agreement within the ambit of the Statute of Frauds." *Id*. However, this case is distinguished because it does not involve a payment that happens to coincide with the selling of real property. Rather, this case involves an actual mortgage interest transfer that is the subject of the alleged agreement. Thus, this Court finds that the alleged agreement is subject to the Statute of Frauds, and a writing or detrimental reliance is needed to recover for the alleged promise, unless some other exception applies.

### B. Boulger's reliance bypasses the Statute of Frauds.

Boulger claims that her reliance on the alleged promise brings her claim out of the realm of the Statute of Frauds. Defendants contend that her alleged reliance on the promise was unreasonable because, for 14 years, she had a court-ordered pre-existing duty pursuant to the Divorce Decree to quitclaim her interest in the property anyway.

It is hornbook law that performance under an oral contract that will make it fraudulent to apply the prohibition of the Statute of Frauds supports equitable relief and makes the contract enforceable. *Nichols v. Nichols*, 139 Vt. 273, 277 (1981). An oral agreement may be removed from the Statute of Frauds contained in 12 V.S.A. § 181 if the proponent "can show that, in reliance on the agreement, he or she suffered a substantial and irretrievable change in position." *Quenneville v. Buttolph*, 2003 VT 82, ¶ 18, 175 Vt. 444 (citing *Bassler v. Bassler,* 156 Vt. 353, 358, 593 (1991)). "[I]f a party relies on an oral promise, fully performing its end of the bargain, then a written promise is not required if it would be fraud to allow the promisor to deny the contract." *Contractor's Crane Serv., Inc. v. Vermont Whey Abatement Auth.*, 147 Vt. 441, 449

(1986). The law does not require that a party seeking to enforce such an oral promise prove fraud; "rather, he must show that acts of his, done in reliance on the agreement, known to the defendant, so altered the relations of the parties as to prevent restoration to their former condition." *Id*. (citing *Nichols v. Nichols*, 139 Vt. 273, 277–78 (1981)).

Promissory estoppel "requires (1) a promise on which the promisor reasonably expects the promisee to take action or forbearance of a substantial character; (2) the promise induced a definite and substantial action or forbearance; and (3) injustice can be avoided only through the enforcement of the promise." *Island Indus., LLC v. Town of Grand Isle*, 2021 VT 49, ¶ 39, 215 Vt. 162 (citing *Green Mountain Inv. Corp. v. Flaim*, 174 Vt. 495, 497 (2002) (mem.)). In determining whether a plaintiff reasonably relied on a defendant's promise, courts examine the totality of the circumstances. *Tour Costa Rica v. Country Walkers, Inc.*, 171 Vt. 116, 120 (2000).

Boulger is claiming promissory estoppel, and maintains that she relied on the representations of Defendants when she quitclaimed her interest in the property. Even if she was bound by the Divorce Decree to provide DiMasi with a quitclaim deed, she still could have relied on the representations of Defendants as the basis for her to quitclaim as a part of that transaction. To the extent that Defendants argue that her reliance was unreasonable, this is a factual issue that needs more discovery and can be challenged after discovery is complete. It would be premature to dismiss this case at the 12(b)(6) stage. Thus, because there is a reliance claim, Boulger's claims are taken out of the Statute of Frauds for purposes of this motion. Additionally, more discovery is necessary to conclude what representations were made during the foreclosure mediation.

### 3. Lack of Consideration is not an issue in Promissory Estoppel.

Defendants argue that Boulger's claims fail because there is no consideration to support the alleged agreement because she had a pre-existing duty to quitclaim her interest in the property pursuant to the Divorce Decree. The Court is not persuaded by this argument. Again, Boulger has pled a valid claim of Promissory Estoppel. Consideration is not an issue if the plaintiff is claiming that she relied to her detriment on the promise of the promisor. See *Tour Costa Rica*, 171 Vt. at 120 (discussing the elements of a promissory estoppel claim under the Restatement (Second) of Contracts § 90(1)). Thus, this Court concludes that Boulger has made a sufficient claim for Promissory Estoppel to survive a 12(b)(6) motion to dismiss.

### 4. Full performance by the Trustee is not a reason to dismiss.

Defendants insist that Boulger's claims still fail as a matter of law because the Trustee fully performed its obligations under the actual agreement that resolved the foreclosure action. This Court is not persuaded by this argument because, again, this dispute involves an alleged separate agreement or misrepresentation by Defendants to Boulger during the foreclosure action. To the extent that the Trustee did fully perform, this is a matter better suited for discovery and resolution at the motion for summary judgment stage.

## 5. This Court is not rewriting the Divorce Decree.

Defendants aver that this Court should not rewrite the Divorce Decree. Again, this action involves a separate alleged agreement between Boulger and Defendants. This Court has considered this point and finds it unpersuasive. This Court holds that, at the 12(b)(6) stage, Boulger has stated a sufficient claim.

## 6. The Accord and Satisfaction issue is not appropriate at the motion to dismiss stage.

Defendants claim that Boulger alleges an accord and satisfaction "practically" through her Complaint because Defendants agreed to accept her quitclaim deed as an accord in full satisfaction and in lieu of repayment of the Mortgage. Defendants cite to *Vermont Federal Credit Union v. Richter*, No. 2013-354, 2014 WL 3714629 (Vt. Feb. 20, 2014) (unpub. mem.). There, the Court stated that "[a] party claiming the defense of accord and satisfaction must prove that: (1) the claim is disputed; (2) the party offered to pay less than the amount allegedly due; and (3) in full settlement of the claim, the other party accepted and retained the lesser amount offered." *Id*. at *4. Boulger did not respond to this argument in her Opposition to Defendants' Motion to Dismiss. This defense may be a matter of fact or law, but when " 'the evidence leaves no room for opposing inferences it is one of law.' " *Roy v. Mugford*, 161 Vt. 501, 513 (1994).

This Court does not find that this argument impacts this dispute at the motion to dismiss stage. The parties in this case dispute that an alleged agreement existed. Additionally, the dispute in *Ritcher* was dismissed at the summary judgment stage, not the motion to dismiss stage, pre-discovery. See *Richter*, 2014 WL 3714629 at *4. Thus, this Court finds that dismissal for this issue is not appropriate at the motion to dismiss stage.

## 7. Boulger states a claim for Unjust Enrichment.

Defendants insist that Boulger fails to state a claim for Unjust Enrichment because no benefit was conferred to them. Rather, Defendants suffered a detriment because they only had one payor to collect from on the Note. This Court is not persuaded by this argument. The Complaint asserts that Boulger conferred a benefit to Defendants by quitclaiming her interest, which subsequently allowed Defendants to enter into a valid loan modification with DeMasi. Boulger sufficiently alleges that Defendants conferred a benefit by being able to enter into a loan modification. Thus, Boulger's Unjust Enrichment claim survives the motion to dismiss stage.

## 8. Counts 4–6 do not lack sufficient specificity and particularity.

Defendants assert that Boulger's Vermont Consumer Protection Act (VCPA) claims must be dismissed for lacking sufficient specificity and particularity. Specifically, Defendants say that the Complaint does not cite specific statutes or regulations and does not describe the alleged misrepresentations. Boulger does not reply to this assertion in her Opposition to Defendant's Motion to Dismiss.

Entry Regarding Motion
24-CV-02005 Bethany Boulger v. Wells Fargo Bank, NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass-Through Certificates et al

Page **6** of **9**

The purpose of a Rule 12(b)(6) motion is to ensure the pleading "gives fair notice of the claim and the grounds upon which it rests." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (2023) (citing *Bressler v. Keller*, 139 Vt. 401, 403 (1981)). However, the court is not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Id.* (citing *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1). In sum, our aim is to determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.* (citing *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605 (mem.)).

Here, the Complaint cites to the VCPA. Specifically, the Complaint cites to 9 V.S.A. § 2451a, 9 V.S.A. § 2461(b), and 12 V.S.A. § 4631. Additionally, the Complaint sufficiently lays out a claim that Defendants made false or misleading statements to Boulger, which led to her quitclaiming her interest in the property thinking that she would be discharged from the Note and Mortgage. Thus, Boulger's VCPA claims are sufficient at the motion to dismiss stage.

### 9. Boulger fails to state a claim under 27 V.S.A. § 464 because the mortgage has not been paid off in full.

Defendants claim that Boulger's Count 7 under 27 V.S.A. § 464 fails as a matter of law because the full mortgage debt has not been paid off. Boulger does not reply to this assertion in her Opposition to Defendant's Motion to Dismiss.

27 V.S.A. § 464(b) provides that "within 30 days after full performance of the conditions of the mortgage, the mortgagee of record shall execute and deliver a valid and complete discharge." "As used in this section, the term 'mortgagee' shall mean both the holder of the mortgage at the time it is satisfied and any servicer who receives the final payment satisfying the debt." 27 V.S.A. § 464(b). 27 V.S.A. § 464 is penal in nature, and therefore must be strictly construed. *Perkins v. Factory Point Nat. Bank*, 137 Vt. 577, 580 (1979). To recover damages under § 464, plaintiff has the burden of showing payment of the entire debt secured, and full performance of whatever other conditions are specified in the mortgage deed. *Id.*

Defendants correctly point out that Boulger only asserts that she should have been released from liability under the Mortgage. She does not allege that the Mortgage was satisfied in full. Thus, Boulger fails to state a claim for Count 7 and Count 7 is dismissed for failure to state a claim.

### 10. Fair Credit Reporting Act Issue

Defendants allege that the Fair Credit Reporting Act (FCRA) preempts state law on issues false credit reporting. Boulger does not respond to this argument in her Opposition to Defendants' Motion to Dismiss.

In *Sprayregen*, the United States District Court for the District of Vermont reiterated that the Second Circuit has interpreted the FCRA to create a broad preemption that bars all state law claims related to false credit furnishing. *Sprayregen v. Bank of America, N.A.*, No. 2:11-cv-

00115, 2012 WL 2994633 at *2–3 (D. Vt. Jul. 23, 2012). Examining the face of the Complaint, Boulger's Complaint does not explicitly make a claim for false credit reporting. To the extent that Boulger's claims are alleging false credit reporting and are preempted by the FCRA, this Court will allow the parties to proceed to discovery and reexamine this issue at the motion for summary judgment stage. See *Sprayregen* at *1 (court ruling on the issue of preemption at the summary judgment stage).

**11. DeMasi is a Necessary Party under V.R.C.P. 19.**

Defendants argue that DeMasi is a "Necessary" party under V.R.C.P. 19 because this Court cannot grant complete relief without him, he is an interested party whose interests would be impaired because he would become solely liable on the mortgage, and DeMasi could become subject to inconsistent obligations, and that Boulger's failure to join him as a party is fatal to her claim. Boulger responds that DeMasi is not necessary to seek enforcement of the alleged agreement and if it becomes apparent during discovery that he is a necessary party, he can be joined pursuant to Rule 19.

V.R.C.P. 19(a) is patterned after Rule 19 of the Federal Rules of Civil Procedure and provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

The "Necessary" party label has been eliminated to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action. 7C Wright & Miller, Federal Practice & Procedure: Civil § 1604 (3d ed.). The court must be presented with clear and concise grounds for determining the status of the absent party. The moving party bears the burden of advancing a cogent argument on why the absent party is needed to prevent inconsistent or inadequate judgments. *Grassy Brook Vill., Inc. v. Richard D. Blazej, Inc.*, 140 Vt. 477, 482 (1981).

This Court agrees that DeMasi may be a person needed for just adjudication, but given the nature of the relief Boulger seeks, DeMasi may not be needed. Boulger seeks to hold Defendants to their alleged promise to remove her from the Note and Mortgage. Because of this,

DeMasi may have a concrete interest in the outcome of this litigation, but for purposes of deciding this motion, DeMasi's presence is not required. A party may seek to join DeMasi.

## ORDER

The Court concludes that Boulger's Complaint alleges sufficient claims to survive Defendants' Motion to Dismiss except for Count 7. Accordingly, only Count 7 of the Complaint is dismissed. Accordingly, Defendants' Motion to Dismiss is denied in part and granted in part.

**Signed Electronically on November 11, 2024 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**

24-CV-02005 Bethany Boulger v. Wells Fargo Bank, NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass-Through Certificates et al