Filed 07/02/25

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01511

---

**Pownal Center Community Church v. Town of Pownal, a Vermont Municipality**

---

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 1)
Filer:       Robert M. Fisher
Filed Date:  May 07, 2025

This case involves a dispute over title of the Property at 495 Center Street in Pownal, Vermont, known as the Pownal Center Community Church.  Plaintiff Pownal Center Community Church (Church) filed a Complaint on April 4, 2025, against Defendant Town of Pownal (Town).  Church seeks an order of quiet title on theories of having legal title, acquiring title through adverse possession, and acquiring a prescriptive easement to continue using the Property.  Town filed a Motion to Dismiss on May 7, 2025, pursuant to V.R.C.P. 12(b)(6).  Church responded with a Memorandum in Opposition to Motion to Dismiss on June 5, 2025, asserting, among other things, that Town's Motion to Dismiss should be treated as a motion for summary judgment.  On June 13, 2025, Town filed a Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss.

The ruling on the motion, for the reasons herein, is:

1.  Town's Motion to Dismiss is granted in part and denied in part.

### Standard

Town's Motion to Dismiss comes pursuant to Rule 12(b)(6) of the Vermont Rules of Civil Procedure, which provides that a motion to dismiss should be granted where it is "beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605.  In deciding a motion to dismiss, courts assume the truth of factual allegations asserted in the complaint, as well as any reasonable inferences that may follow, and focus their inquiry "on the absence of any facts, reasonable factual inferences, and legal bases for recovery alleged in the complaint, attachments thereto, or to matters the court may judicially notice." *Sprague v. Nally*, 2005 VT 85, ¶ 2, 178 Vt. 222 (quoting *Gilman v. Maine Mutual Fire Ins. Co.*, 2003 VT 55, ¶ 20, 175 Vt. 554 (mem.) (internal quotations omitted)).  The "purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002) (citing *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982)).  Motions under Rule 12(b)(6) are not favored and rarely granted. *Endres v. Endres*, 2006 VT 108, ¶ 4, 180 Vt. 640.

## Facts

The following facts from Church's Complaint are accepted as true. On January 28, 1760, Province of New Hampshire Governor Benning Wentworth chartered the Town of Pownal on behalf of King George II of Great Britain, wherein a Glebe was set aside for the Church of England. Around 1790, a congregation in Pownal raised funds and built a church at the Property. Around 1849, the Town of Pownal voted to raise funds to repair the church structure. There is no report examining title to the Property. Subsequently, around 1905, Ward E. Niles conveyed to several parties and the Trustees for Church a portion of the Property known as the "carriage shed" premises. Around 1991, Town stopped using the basement story of the church building on the Property for town and Freeman's meetings. Church has maintained and insured the Property since 1951 and 1980, respectively. Since its inception, the Property has operated as a religious site of worship. Town has not taken any affirmative action to retain ownership of some, or all, of its perpetual lease lands that it may have.

## Discussion

1. **Town's Motion to Dismiss is not a motion for summary judgment.**

2.

Church baldly insists that this Court must treat Town's Motion to Dismiss as a motion for summary judgment. The Court disagrees. V.R.C.P. 12(b) provides that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

However:

> The general rule is that "[w]hen the complaint relies upon a document ... such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001) (quotation omitted); accord *Levy v. Southbrook Int'l Invs., Ltd.,* 263 F.3d 10, 13 n. 3 (2d Cir. 2001) (holding that it was "appropriate for the district court to refer to the documents attached to the motion to dismiss since the documents were referred to in the complaint"); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000) (court may consider materials "referred to in the plaintiff's complaint and ... central to her claim" in ruling on motion to dismiss) (quotation omitted); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.,* 18 F.3d 1161, 1164 (4th Cir.1994) (court did not err in considering document referred to in complaint in granting

motion to dismiss). Similarly, it is well settled that, in ruling on a Rule 12(b)(6) motion to dismiss, courts may properly consider matters subject to judicial notice, such as statutes and regulations, and matters of public record. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (in ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice")

*Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n. 4, 186 Vt. 605. Indeed, the court may consider documents incorporated into the complaint by reference and matters of which the court may take judicial notice. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021).

Here, the parties are not presenting any matters to the Court outside the pleadings that warrant treating Town's Motion to Dismiss as a motion for summary judgment. Town has not presented any documents to the Court to consider outside of the pleadings. Moreover, any documents mentioned in Church's Complaint are incorporated because they are documents to show potential transfers of title of the Property that are attached to the Complaint. Accordingly, Town properly labelled its Motion to Dismiss, and this Court will not treat it as a motion for summary judgment.

3. **Church's Complaint does not present facts that demonstrate that it is entitled to legal title of the entire Property based on transfer of title.**

Interests in land are legal or equitable, and a legal interest has its origins in the principles, standards, and rules developed by the courts of law. Restatement (First) of Property § 6. At this stage, Church is simply required to allege facts to legal or equitable title to the Property. Church's Complaint does say that it is entitled to legal title of the entire Property. Yet its Complaint does not allege the facts that would demonstrate this.

A glebe is "land possessed as part of the endowment or revenue of a church or ecclesiastical benefice." Black's Law Dictionary, glebe (12th ed. 2024). 24 V.S.A. § 2401 states:

> The selectboard shall have the care of lands in the town granted under the authority of the British Government as glebes for the use of the Church of England and now by law granted to such town for the use of schools, and lands granted to the use of the ministry or the social worship of God, and lands granted to the first settled minister, and not appropriated according to law.

Leases of glebe lands are durable leases and create a landlord-tenant relationship. *Galkin v. Town of Chester*, 168 Vt. 82, 87–90 (1998). Moreover, a "[c]onveyance of land or of an estate or interest in land may be made by deed executed by a person duly authorized to convey it, or by

the person's attorney, and acknowledged and recorded as provided in this chapter." 27 V.S.A. § 301.

Here, Church has only alleged that it has a glebe, which does not give legal title, or possible legal title over the carriage shed premises of the Property. The deed in 1905 only concerns the "carriage shed" of the Property. Even if Church is not asserting that it has a glebe, as it claims, it still does not present an alternative claim to legal title of the property aside from the conveyance of the "carriage shed." Church has only stated a plausible claim for the "carriage shed" portion of the Property. Thus, Church's claim for legal title is dismissed for all the Property except for the "carriage shed" portion of the Property.

### 4. Church has failed to state a claim of adverse possession or easement by prescription.

Church also asserts a claim of title to the Property based on theories of adverse possession and easement by prescription.

"[A]n adverse possession claim is ... for recognition of title and enforcement of the rights that accompany title," and the burden of proving adverse possession is on the party asserting it. *Roy v. Woodstock Cmty. Tr., Inc.*, 2013 VT 100A, ¶¶ 35, 37, 195 Vt. 427. Such a claim can only be brought after the statute of limitations for recovery of land under 12 V.S.A. § 501 has run. *Id.* ¶ 35. Establishing a prescriptive easement requires "essentially the same" elements as adverse possession. *Schonbek v. Chase*, 2010 VT 91, ¶ 8, 189 Vt. 79 (quotation omitted). However, adverse possession, unlike a prescriptive easement, requires " 'exclusive possession' " for the statutory period. *Id.* (quoting Restatement (Third) of Property, Servitudes § 2.17 cmt. a).

Public lands generally are statutorily exempted from adverse possession, even if such possession is open and notorious. *Benson v. Hodgdon*, 2010 VT 11, ¶ 14, 187 Vt. 607 (citing 12 V.S.A. § 462). Both adverse possession and prescriptive easements contain the element of actual continuous possession for the statutory period. However, 12 V.S.A. § 462 limits the applicability of the statutory period to lands dedicated to public, pious, or charitable use. *Roy v. Woodstock Cmty. Trust*, 2013 VT 100A, ¶ 60. Additionally, title to a glebe cannot be acquired by adverse possession. See *Brown v. Derway*, 109 Vt. 37, 43 (1937) (ruling that disputed glebe land could not be acquired by adverse possession).

Here, Church's claims of adverse possession and prescriptive easement are against public lands. Moreover, the statutory period is time barred. Church does not offer any response in its Memorandum to counter Town's Motion to dismiss these counts. Consequently, Church has failed to state claim of adverse possession or prescriptive easement.

### Conclusion

Church has failed to state a claim to title over the Property, except for the "carriage shed" portion of the Property. Thus, Count I of the Complaint is dismissed except for the portion of the Property known as the "carriage shed." Counts II and III are dismissed in their entirety.

It appears that if Church amends its Complaint to include more factual allegations in its Complaint, it could assist the Court in understanding the "inherent vagueness and complexities of title to land in Vermont" that may entitle Church to relief or quiet title. Pl.'s Mem. in Opp. to

Mot. to Dismiss at 2 (filed Jun. 5, 2025).  As such, this Court grants Church leave to amend its Complaint within 30 days after entry of this Order.  Otherwise, the Complaint is dismissed except for the claim for legal title to the "carriage shed" portion of the Property.

The motion is GRANTED IN PART and DENIED IN PART.

**Signed electronically July 2, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**